**SHAFFER et al. v. SCHALEBEN et al.**

No. 2942.

Court of Civil Appeals of Texas. Waco.

Jan. 4, 1951.

Rehearing Denied Feb. 8, 1951.

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, Raymond E. Ehrlich, Tom L. Hartley, Pharr, Leo Brewer, Lionel R. Fuller, San Antonio, for appellants.

Cecil A. Edwards, John J. Carr, Edinburg, for appellees.

TIREY, Justice.

This is a suit in the nature of a bill of review. The appellees grounded their attack under the authority of Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, writ ref., and Rowland v. Klepper, Tex.Com. App., 227 S.W. 1096, judg. adopted by S. Ct. Appellants have appealed from the judgment of the 93rd District Court of Hidalgo County, setting aside on direct attack an order of sale and all subsequent proceedings and conveyances thereunder issued under a tax foreclosure judgment rendered by the same court, insofar as the same affected certain royalty interests owned by appellees but leaving the other foreclosed interests undisturbed. The case was tried without the aid of a jury and there was no request for findings of fact and conclusions of law and none was filed. The

factual situation is complicated and a comprehensive statement is necessary.

In February, 1940, the State of Texas, for itself and for the use and benefit of the taxing units whose taxes are collected through the Tax Assessor and Tax Collector of the County of Hidalgo, filed suit (State of Texas v. Maxwell E. Begthol et al., No. E–218) to foreclose taxes on certain land in Hidalgo County, Texas (pertinent here), namely lot 11 in block 15, lots 15 and 16 in block 16 and lot 11 in block 19 of Alamo Land and Sugar Company's subdivision of Porcion 72 in said county. Subsequently pleas of intervention were filed for Pharr San Juan Independent School District, Hidalgo Independent School District and Hidalgo County Water Improvement District No. 2 and these taxing units sought to foreclose tax liens on the above property, as well as other property not pertinent here. Subsequently Schaleben, on May 26, 1941, purchased from Begthol (the record owner at the time) an undivided one-fourth royalty interest (non-participating as to the making of leases, receiving of bonuses and right to receive delayed rentals) in the above lots, and on June 9, 1941, Schaleben conveyed to Womack by royalty deed an undivided ⅜₆th royalty interest to the above property, both deeds having been recorded in June, 1941. Schaleben testified to the effect that at the time he purchased the royalty interest from Begthol that he knew the foreclosure suit was pending against the land; that thereafter he knew an amended petition had been filed and he and Womack had been made parties to the suit. This amended petition was filed on March 4, 1942, and it made for the first time Schaleben and Womack defendants. Womack also testified to the effect that at the time he purchased the royalty interest he knew the tax suit had been filed. On October 12, 1942, final judgment was entered in the above suit and the judgment recited in effect that Schaleben and Womack and the other defendants, although personally served with citation, did not appear and they were adjudged to be in default. The tax judgment was in favor of the plaintiff and interveners for the

delinquent taxes and such judgment fixed the amount due against each tract in behalf of each of the taxing units and ordered foreclosure against all defendants of the tax liens against the property in behalf of the taxing units accordingly. The court found that the defendant Begthol only was the owner of the property and was indebted to the plaintiff and the other taxing units for the amount of taxes established against each tract, and that all other defendants are claiming some interest in the property but such claims were inferior to the tax liens established and foreclosed. No personal judgment was entered against either Schaleben or Womack. Order of sale seasonably issued and the above property was sold (with the exception of lot 11 in block 15) on April 4, 1943 at sheriff's sale to the State of Texas, in trust for itself, Hidalgo County, and the other taxing bodies. By correction deed dated June 29, 1945, lot 11 in block 15, above described, was included in the sale to the State of Texas. On May 16, 1944, L. W. Shaffer purchased by tax deed from Hidalgo County, Trustee, lots 15 and 16 in block 16 and also lot 11 in block 15 of the above property. On October 2, 1945, L. W. Shaffer, by sheriff's deed, purchased the above property. The sheriff's deed recited, among other things, that the period of redemption provided by law had expired and this sale was made by virtue of the provisions of Art. 7328, Vernon's Ann.Civ.Stats. A. O. Kolberg, Inc., a corporation, purchased from the County of Hidalgo, Trustee, on March 6, 1945, lot 11 in block 19, out of the same subdivision, and from the State of Texas, Trustee, on December 4, 1945. This last deed was from the Sheriff of Hidalgo County and recited that redemption had expired and sale was made pursuant to Art. 7328, Vernon's Ann.Civ.Stats. aforesaid. Appellant Lentz acquired the west one-half of lot 11 in block 19 above from Kolberg in January, 1946. Schaleben said he first learned judgment had been entered against him foreclosing the lien about June, 1944. Womack said he learned about the judgment "along in 1946."

On July 5, 1946, Schaleben and Womack filed their original motion in this

cause to set aside the tax judgment entered October 12, 1942. On the 22nd of November, 1949, the trial court overruled the motion of appellants here to strike the third amended motion filed by Schaleben and Womack and at the same time entered an order of dismissal at the request of Schaleben and Womack, in which the court dismissed the State of Texas and the other taxing units above named who recovered in the final judgment entered on October 12, 1942, and in this order of dismissal the court found that the foregoing taxing units' claims had been paid and that such units were not necessary parties to a determination of Schaleben's and Womack's motion to set aside the judgment and that the interest of the remaining parties (which includes appellants here) would not be prejudiced by such dismissal. We think the evidence is sufficient to support the finding of the trial court in this behalf and that his action in so doing is in accord with the doctrine announced in Harrison v. Sharpe, supra, and Rowland v. Klepper, supra. The order further provided that such parties are dismissed without the costs assessed against them, and appellants excepted to this order.

In Schaleben's and Womack's fourth amended motion (filed Dec. 7, 1949) the only parties defendant were L. W. Shaffer, Conrad Self, Trustee, Jack Pape, Talitha Pape, John E. Jancik, Paul Freeman, A. O. Kolberg, Inc., a corporation, A. O. Kolberg and C. M. Lentz. Maxwell V. Begthol was not made a party to the suit because they alleged that he was not interested in the subject matter of the litigation for the reason that he had executed and delivered a quit-claim deed to L. W. Shaffer. Lester Foran, a resident citizen of Nueces County, was not made a party defendant for the reason that Schaleben and Womack alleged that Foran had recognized their claim and they had no controversy with him. Said motion specifically averred that Schaleben was employed by the Board of Economic Warfare in September, 1942, and reported for duty in October of that year and was assigned to duty in Torreon, Coahuila, where he resided until about June, 1946; that neither he nor Womack were served with citation; that they did not appear and answer the suit and that Schaleben had no knowledge that judgment had been entered until June, 1944, and Womack "along in 1946." They also alleged substantially the history of the foregoing suit. They pleaded other detailed facts and circumstances (and tendered evidence thereon) that would, if so found, by the court, relieve them of laches, and certain facts and circumstances (and tendered evidence thereon) that, if so found, would have tolled the Statute of Limitations, namely Art. 5529, Vernon's Ann.Civ.Stats., as to Kolberg and Lentz. See O'Ferral v. Coolidge, Tex.Sup., 228 S.W.2d 146. In their prayer they asked, among other things, that all proceedings under said judgment be held null and void insofar as they were concerned; that all conveyances purporting to convey any interest affecting their mineral estate by virtue of said judgment, order of sale and sheriff's deeds, be held null and void and that all clouds be removed from the title to their mineral estate, and that said judgment and all subsequent proceedings be set aside and vacated insofar as their interests are concerned. It was stipulated that "the record in Cause No. E–218, filed in the office of the District Clerk, does not show that any citation issued to Hale Schaleben or J. Y. Womack."

The appellants excepted to the fourth amended motion on grounds pertinent here, substantially to the effect, (a) that petitioners had failed to join necessary parties as parties defendant, (b) such motion failed to allege good and meritorious defenses to the original tax suit, (c) that the action was barred by the four-year statute of limitations, (d) that such action was a collateral attack on the tax judgment and by reason thereof they could not contradict the recitations of service of citation contained in the judgment.

Appellants also pleaded general denial and set up as affirmative matters of defense the four-year statute of limitations and laches and also that Schaleben and Womack had acquired purported mineral interests with notice that the suit to foreclose taxes was pending and by reason

thereof they were not innocent purchasers for value of their claimed mineral interest; that the taxes foreclosed in the tax suit had been assessed prior to the time Schaleben and Womack acquired their interest in the land and that they were estopped from claiming that their interests in the lands were paramount to the interest of the taxing bodies who foreclosed the tax lien upon the lands and those persons claiming under said taxing bodies.

The court overruled all of appellants' exceptions to which they excepted and in its final judgment, among other things, found that A. O. Kolberg, Inc., a corporation, and A. O. Kolberg were personally served with citation but defaulted in appearance and answer. The court further found that said motion did not affect the rights, if any, as may be held by Conrad Self, Trustee, Jack Pape, Talitha Pape, John E. Jancik and Paul Freeman, and that they are not asking that this court enter judgment which would adversely affect the interests of the foregoing defendants, and dismissed the foregoing defendants from the suit. As against the appellants here the court found in favor of Schaleben and Womack and the decree (entered March 4, 1950, and the one here appealed from) provides "that the order of sale issued by the Clerk of the District Court of Hidalgo County on March 4, 1943, by virtue of and in pursuance of judgment for foreclosure of tax liens entered by the court on October 12, 1942, * * * and any and all sales, conveyances, deeds and proceedings made, executed or held by virtue of and in pursuance of said order of sale, be, and the same hereby are canceled, nullified, vacated and set aside insofar as and only insofar as, the same in any wise affect or concern, or purport to affect or concern, the respective royalty interests of petitioners Hale Schaleben and J. Y. Womack" and particularly describes an undivided ⅟₁₆th interest of Hale Schaleben and an undivided ⅔₁₆th interest of J. Y. Womack in and to all of the oil royalty, gas royalty and royalty in casinghead gas and gasoline and any other minerals in and to and which may be produced from the above described land.

The court further found "that the petitioners Hale Schaleben and J. Y. Womack have in their pleadings, evidence, and in open court, averred and represented to the Court that if after a hearing on the merits hereof, the Court should determine that the petitioners should owe any equitable obligation to the defendants, or any of them, the petitioners would comply with any order of the Court with respect thereto; the Court does now find after being fully advised in the premises and hearing the testimony of the parties and other witnesses, that no equitable obligation has devolved upon the petitioners with respect to defendants and it is so ordered, adjudged and decreed." We think the evidence tendered is sufficient to sustain each of the findings of the trial court.

Appellants' points 1 to 4 inclusive assail substantially the action of the trial court in dismissing the State of Texas, County of Hidalgo, Hidalgo County Water Improvement Dist. No. 2, Pharr San Juan Independent School District and Hidalgo Independent School District and holding that they were not necessary parties to this suit; also that Phillips Petroleum Company, Sun Oil Company, Magnolia Petroleum Company and Maxwell V. Begthol were not necessary parties, as well as that Talitha Pape could not be affected by the judgment entered in the suit and was not a necessary party.

Since the trial court found that all of the taxes had been paid and that the interest of the other parties complained of would not be affected by the order entered, we think that each of these contentions is answered adversely to appellants by the rule announced in Harrison v. Sharpe, supra, and Rowland v. Klepper, supra. Our view is that under the above authorities this proceeding was a direct attack and that since Schaleben and Womack were the record owners of the mineral interest at the time the original judgment was entered, and since they were not served with citation, the judgment entered against them was a nullity and it was not necessary for them to allege and prove a meritorious defense to the tax suit. We are in accord with appellants' view to the effect that the

record shows that the suit sought to foreclose tax liens that had accrued prior to the time Schaleben and Womack acquired their interest and that they did not allege any meritorious defense against the taxes sought to be collected. (Courts do not have power to re-value and re-assess property for taxation. See Electra Ind. School Dist. v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645, points 20, 22, p. 652, Com. Apps. op. adopted by S.Ct.). Under the rule announced in McDonald v. Miller, 90 Tex. 309, 39 S.W. 89 (see also Miller v. Dyess, 137 Tex. 135, 151 S.W.2d 186, 137 A.L.R. 578, Schaleben and Womack were entitled to their day in court, because they were record owners of such interest before the suit proceeded to judgment, and by reason thereof they were not bound by the original judgment entered, and appellants' points 8, 9 and 10 are overruled.

In McDonald v. Miller, supra, our Supreme Court (in discussing the rights of a junior lienholder, a party to the suit but not served with citation) said:

"The right of the lienholder is less than that of a purchaser, but as much a right as the latter to the extent to which it goes.
* * *

*"The fact that McDonald had notice of the foreclosure suits does not affect the question. To make one having an interest in an action a party, the petition must make him a party; and, if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege, and not a duty."* [90 Tex. 309, 39 S.W. 95.] See also Harrell v. Mexico Cattle Co., 73 Tex. 612, 11 S.W. 863, point p. 865. Absent the above rule, a subsequent purchaser's interest whose deed had been recorded could be concluded without his having any opportunity to assert his interest or to protect it. In the case of Miller v. Dyess, 137 Tex. 135, 151 S.W.2d 186, 189, 137 A.L.R. 578, our Supreme Court said: "At the time the foreclosure suit of Miller v. Middleton was filed and tried in the District Court of Harris County, Texas, the instrument from Middleton, Sr., to Dyess was of record in the deed records of Brazoria County. Miller was therefore charged with notice thereof." However, our Supreme Court held that Dyess was precluded by the judgment entered in the foreclosure suit by reason of the fact that he was attorney for his grantor in such foreclosure suit. See points 3 and 4. It is true that in the case at bar Schaleben was an attorney, but there is no evidence that he was attorney for Begthol, his grantor, nor attorney for Womack, nor did he enter any appearance in the suit prior to the date that final judgment was entered on October 12, 1942, and the court has impliedly found that neither Schaleben nor Womack was served with citation.

In the case of Baker v. West, 120 Tex. 113, 36 S.W.2d 695, 697, our Supreme Court had before it a similar question, which suit involved a judgment lienholder as distinguished from a purchaser, and the court said: "The known owner or claimant is entitled to his day in court and to be heard in defense of his rights" and further, "The purchaser under the city of Houston's tax judgment was charged with notice of Mrs. Baker's antecedently recorded judgment lien and that she was not barred of her right to redeem from the city's tax claim, because she was not a party to the city's tax suit and her right of redemption therefrom was not foreclosed thereby." Citing McDonald v. Miller, supra. See also Harris Realty Co. v. Austin (Com. Apps., op. adopted by S.Ct.) 134 Tex. 484, 137 S.W.2d 19, and cases collated under 26 Tex.Jur. p. 243.

Under the record here made, appellant Shaffer acquired his interest in the property by deed dated May 16, 1944, which was prior to the time that Schaleben and Womack knew that such judgment had been entered. We have carefully reviewed all of the evidence tendered and our view is that it is sufficient to sustain the trial court's implied finding that Schaleben and Womack were not guilty of laches in bringing a direct attack on the original judgment. Since Schaleben and Womack filed their original motion (July, 1946) to set aside the tax judgment entered October 12, 1942, it is obvious that the provisions

of our Limitation Statutes, Art. 5529, Vernon's Ann.Civ.Stats. is not available to Shaffer. Our view is that the trial court did not err in overruling Kolberg's and Lentz' defenses of laches and limitation. These appellants based such defense on the proposition that they were not made parties defendant on the motion to set the judgment aside until July 23, 1949. Kolberg's and Lentz' interest related to a one-fourth of the royalty interest in lot 11, block 19 of the foregoing property, Kolberg testified to the effect that he and Lentz were partners in the handling of the negotiations concerning this land and there was tendered in evidence a quit-claim deed from A. O. Kolberg, Inc. (predecessor in interest of A. O. Kolberg and C. M. Lentz) to C. M. Lentz, which deed was dated January 31, 1946. One of the clauses in this deed provided: "It being the intention of the grantor to except from this deed $\frac{1}{16}$ royalty interest, $\frac{1}{32}$ being vested in Hale Schaleben, and $\frac{1}{32}$ being vested in the County of Hidalgo as Trustee for the taxing agencies of Hidalgo County, Texas." This deed was recorded in May, 1946. See Walker v. Lawler's Heirs, 45 Tex, 532; Dickerson v. Colgrove, 100 U.S. 578, 25 L. Ed. 618; 53 C.J.S., Limitations of Actions, § 25, 962; Thompson on Real Property, Vol. 5, p. 372; Hardy v. DeLeon, 5 Tex. 211. Evidence was also tendered to the effect that in 1946, Kolberg and Lentz caused a suit to be filed by Hidalgo County, Trustee, to perfect their title. They omitted making Schaleben and Womack parties to this suit. This suit went to judgment on September 3, 1946. Evidence was further introduced to the effect that Schaleben and Womack did not learn until July, 1949 of the intention of Kolberg and Lentz to repudiate the recitals in the quit-claim deed which they had caused to be placed of record in the office of the county clerk. This evidence, together with other evidence tendered, were the reasons assigned by Schaleben and Womack for not making Kolberg and Lentz parties until the filing of their fourth amended motion in 1949. We think the evidence tendered is sufficient to acquit Schaleben and Womack of laches, as well as support the doctrine of estoppel against Kolberg and Lentz, so that limitation in their behalf did not begin to run against Schaleben and Womack until July, 1949. Accordingly, appellants' points 11, 12, 13, 14, 15 and 16, complaining of laches and unreasonable delay in bringing this proceeding, are overruled.

Believing that under the record here made and the authorities above cited, Schaleben and Womack had the right to bring this proceeding, and finding the evidence sufficient to sustain the implied as well as the express findings of the trial court and the order entered thereon, we think points 17, 18 and 19 of appellants are without merit and each of them is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.