Billy DUNKLIN, Appellant,

v.

A. J. LAND et ux., Appellees.

No. 3269.

Court of Civil Appeals of Texas.

Eastland.

Dec. 21, 1956.

Marshall & Carlton, Dallas, for appellant.

J. Alex Blakeley, Dallas, for appellee.

COLLINGS, Justice.

This is an appeal from a summary judgment rendered in the 134th District Court of Dallas County on April 19, 1956. The judgment appealed from set aside and· held void and of no force and effect a former judgment of that court. On January 22, 1953 in Cause No. 72286–G, styled Billy M. Dunklin vs. Maudine Land and A. J. Land, a default judgment for $1,000 was taken by Dunklin against the defcndants therein, who are appellees on this appeal. On December 5, 1955, appellees filed this suit in the nature of a bill of review to set aside and declare null and void the judgment which had been rendered against them, alleging that the citation served upon them in said cause was defective in that they were commanded to appear before the "72286–G Judicial District Court of Texas at the courthouse in the city of Dallas, Dallas County, Texas". It was alleged in the petition for bill of review that the judgment in cause No. 72286–G was void on the face of the record because the citation upon which it was based cited the defendants therein to appear before a non-existent court. Appellees prayed that the court declare the judgment a nullity and of no force and effect. The petition for bill of review did not allege a meritorious defense to the original suit. It did not allege an exhaustion of the petitioners' legal remedies, or any fraud, accident or wrongful act on the part of Dunklin which prevented petitioners from presenting their defense nor did petitioners make any showing of diligence. Appellant Billy M. Dunklin answered pointing out the above defects in appellees' petition for bill of review and in addition charged appellees with laches.

Appellees then filed a motion for summary judgment based solely upon the con-

tention that the judgment in cause No. 72286–G, hereafter referred to as the original judgment, was void on the face of the record. No affidavits were attached to the motion, but there was attached a copy of the judgment sought to be set aside which recited on its face "due service of process" on appellees. The motion for summary judgment, like the petition for bill of review, did not show a meritorious defense to the original suit. It did not show an exhaustion of legal remedies or diligence by appellees. Appellant answered the motion alleging the existence of a fact issue on the question of laches and that appellees' bill of review was defective as heretofore pointed out. In addition, appellant filed his motion for summary judgment.

Thereafter appellees filed an amended motion for summary judgment to which was attached a copy of the citation in the original suit which commanded appellees to appear before the "72286–G Judicial District Court of Dallas County."

The court granted appellees' motion for summary judgment, decreeing that the original judgment was void and of no force and effect and ordered that a new trial be had in said cause. Billy M. Dunklin has brought this appeal.

In numerous points appellant, Billy M. Dunklin, urges that the court erred in granting appellees' motion for summary judgment. We will not discuss all of the points in detail because in our opinion the controlling questions presented by the appeal are (1) whether the attack on the original judgment is direct or collateral and (2) whether the original judgment is absolutely void as contended by appellees, or is merely voidable.

■ This suit was brought by appellees as a bill of review to set aside the original judgment. A bill of review is an equitable proceeding and when properly brought is a direct attack on a judgment. To constitute a direct attack by such a proceeding it is necessary that the suit be brought in the same court in which the judgment was taken and that all parties thereto be included in the attempted bill of review. These requirements were complied with. However, before one is entitled to the equitable remedy of a bill of review for relief from a voidable judgment it is also necessary to allege and prove a meritorious defense to the cause of action upon which the judgment was based, that the petitioner was prevented from presenting his defense either by fraud, accident, mistake or some wrongful conduct of the adverse party without negligence or want of diligence on the part of the petitioner and that he has exhausted his legal remedies, or that they are not available or adequate. A trial in such cases cannot be had by piecemeal and if the judgment is to be set aside it is necessary to enter the judgment that should have been entered on the former trial. Moon v. Weber, Tex.Civ.App., 103 S.W.2d 807 (Writ Ref.).

■ The requirements of a direct attack as above set out were not met by appellees by either pleadings or proof. They have not shown themselves entitled to prevail in a direct attack on the original judgment. When, as here, an attempted direct attack is defective it is held to constitute a collateral attack, and unless the judgment under attack is absolutely void the court is without authority to set it aside. Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705; Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932; Cheney v. Norton, Tex.Civ. App., 181 S.W.2d 835 (Writ Ref.); Avant v. Broun, Tex.Civ.App., 91 S.W.2d 426 (Writ Dis.); "56" Petroleum Corporation of Texas v. Rodden, Tex.Civ.App., 98 S.W. 2d 269.

■■ Appellees urge that the original judgment is absolutely void. They contend that although the judgment recites due service of process upon them that an examination of the citation which is among the papers in the original case shows that they were cited to appear before a non-existent court and that service on them of such a

citation is void and will not support a judgment. Under these facts we cannot agree with appellees' contention that the record shows a void judgment which may be set aside on collateral attack.

The trial court in the original case had jurisdiction over the subject matter involved. The basis of appellees' attack on the judgment is a lack of jurisdiction over them personally. The judgment complained of recites due service of process on appellees. A recitation of due service of process in a judgment under collateral attack imports absolute verity and cannot be questioned. Treadway v. Eastburn, 57 Tex. 209; Switzer v. Smith, Tex.Com. App., 300 S.W. 31, 68 A.L.R. 377; Cook v. Cook, Tex.Civ.App., 233 S.W.2d 163 (Writ Ref.); Kimbrough v. Neill, Tex.Civ.App., 256 S.W.2d 202 (Ref. N.R.E.); Reynolds v. Volunteer State Life Ins. Co., Tex.Civ. App., 80 S.W.2d 1087, 1092 (Writ Ref.). The original judgment was therefore not void and was not subject to collateral attack. In the last cited case it is stated:

"Since the district court had potential jurisdiction to render the judgment, and since that judgment recites service on Reynolds and otherwise appears regular on its face, we are inclined to the view that the judgment is at most voidable. The recital of service amounts to a passport for the judgment until it is arrested by some appropriate direct proceeding. As also said in the opinion of Southern Surety Co. v. Texas Oil Clearing House: 'There has been much laxity in the opinions with respect to the use of the terms "void" and "voidable" as applied to judgments. Strictly speaking a void judgment is one which has no legal force or effect whatever. It is an absolute nullity and such invalidity may be asserted by any person whose rights are affected, at any time and at any place. It need not be attacked directly, but may be attacked collaterally whenever and wherever it is interposed. Usually it carries the

evidence of its invalidity upon its face, while a voidable judgment is one apparently valid, but in truth wanting in some material respect; in other words, one that is erroneous. Such vice may be the want of jurisdiction over the person or other similar fundamental deficiency, but which vice does not affirmatively appear upon the face of the judgment.'"

For the reasons stated the trial court erred in entering summary judgment for appellees setting aside the original judgment in Cause No. 72286–G and in granting a new trial therein.

The judgment is reversed and the cause is remanded.