Opal Copeland **PERRY** et vir, Appellants,

v.

Autrice Coy **COPELAND**, Individually and as Independent Executrix, et al., Appellees.

No. 7108.

Court of Civil Appeals of Texas.

Texarkana.

March 10, 1959.

Rehearing Denied April 7, 1959.

Austin C. Hatchell, Longview, for appellants.

Bob Barber, Tucson, Ariz., McMillan & McMillan, Arkadelphia, Ark., Law Offices of Dell & Perry Barber, Colorado City, for appellees.

FANNING, Justice.

On August 13, 1957, Opal Copeland Perry and husband, John Perry, brought suit in the District Court of Gregg County, Texas, against Harold Copeland (the brother of Opal Copeland Perry) and Autrice Coy Copeland, individually and as executrix of the estate of Zeta Arthur Copeland, Deceased (the second wife and surviving wife and widow of Zeta Arthur Copeland, deceased), in which suit plaintiffs alleged to the effect: That on December 4, 1935, Zeta Arthur Copeland, the father of Opal Copeland Perry and Harold Copeland, filed suit in the District Court of Gregg County, Texas, against Amanda C. Copeland (mother of Opal Copeland Perry and Harold Copeland) for divorce; that Amanda C. Copeland then resided in Arkansas which was well known to Zeta Arthur Copeland, that he attempted to serve said defendant by publication but failed to file the necessary affidavit therefor; that Zeta Arthur Copeland had never lived in Texas and his averments in his divorce petition as to his residence in Texas and in Gregg County, Texas, were false, etc.; that Article 4631, Vernon's Ann.Civ.St., was not complied with; that the citation by publication did not contain the officer's return thereon and did not contain a brief statement of the cause of action or the relief sought; that by reason of such defects the judgment was void; that such judgment affected their property rights in Texas and other named states; plaintiffs further pleaded to the effect that they were not aware of the fraudulent statements made in the divorce petition until shortly before they instituted this suit, etc.; and plaintiffs prayed that the divorce judgment rendered January 7, 1936, be held void, cancelled and set aside and that all property claimed by Zeta Arthur Copeland be held the property of Zeta Arthur Copeland and Amanda C. Copeland, etc.

The case was tried before the court without the aid of a jury. On May 16, 1958, the court rendered a take-nothing judgment against plaintiffs and in favor of defendant in her independent capacity and as executrix, naming her as "Austice" Coy Copeland—this judgment also failed to dispose of the defendant Harold Copeland. On June 20, 1958, the trial court entered an amended judgment which was a take-nothing judgment against plaintiffs and in favor of defendants, which amended judgment properly spells the name of defendant "Autrice" Coy Copeland and disposes of the defendant Harold Copeland. Plaintiffs' amended and supplemental motions for new trial were overruled by the trial court. The trial court filed findings of fact and conclusions of law. Plaintiffs have appealed.

Zeta Arthur Copeland died on or about August 19, 1956, testate, in the State of Arizona. His second wife and surviving widow, Autrice Coy Copeland, whom he married in 1944, was executrix of his estate.

Amanda C. Copeland died on or about December 13, 1956. There was testimony in the record by the defendant Harold Copeland to the effect that Mrs. Amanda C. Copeland and her two children, Opal Copeland Perry and said Harold Copeland, were informed in the year 1938 in the presence of an attorney and in the presence of Zeta Arthur Copeland of the fact that Zeta Arthur Copeland had secured the 1936 divorce from Mrs. Amanda C. Copeland. The court also found in his findings of fact to the effect that Zeta Arthur Copeland and Mrs. Amanda C. Copeland entered into an agreement sometime during the latter part of 1938, wherein Amanda C. Copeland agreed to abide by the said judgment of divorce, and not contest same, and Zeta Arthur Copeland agreed to pay her $40 per month as long as he lived, and that Zeta Arthur Copeland made said monthly payments of $40 until his marriage to Autrice Coy Copeland in 1944, when he raised the payments to $50 per month and on several occasions he made payments of $100 or more. Mrs. Amanda C. Copeland during her lifetime never filed any legal proceedings to set aside or contest the 1936 divorce. The first proceeding attacking the 1936 divorce judgment was the present proceeding filed by plaintiffs in 1957.

Appellants present 33 points on appeal. In their brief they state:

"Appellants have raised thirty-three points. But when boiled down to the last analysis we think only four controlling questions are raised, viz.: (a) Did the Court admit reversible error in rendering the new judgment herein on June 20, 1958, to correct the original judgment without an application being made therefor and without any notice to the appellants or their attorney that such judgment would be presented to the Court?; (b) Did the Court err in his findings of fact and conclusions of law to the injury of appellants?; (c) Did the Court commit reversible error in admitting in evidence certain testimony as pointed out in the record?;

and (d) Is the judgment in the divorce proceedings now being attacked void?"

The trial court found against appellants on several theories and filed extensive findings of fact and conclusions of law. We have carefully examined the record and have reached the conclusion that the trial court correctly entered a take-nothing judgment against plaintiffs and correctly entered a judgment for defendants. However, we deem it unnecessary to write upon all of the theories upon which the trial court entered his judgment, but will write on what we deem to be the controlling matters.

We quote from the trial court's findings of fact as follows:

"Findings of Fact
"One

"On the 7th day of January 1936, the 124th Judicial District Court of Gregg County, Texas, rendered a judgment of divorce in favor of plaintiff, in a case styled Zeta Arthur Copeland vs. Amanda C. Copeland, No. 9425–B, and that said judgment contained all of the requisites of a valid judgment on its face.

"Two

"On the 13th day of August 1957, Opal Copeland Perry, joined by her husband John Perry, as plaintiffs, filed this suit attacking the above judgment, alleging it to be void on grounds of fraud and lack of service of process, or void service of process; also lack of jurisdiction of subject matter, alleging that Art. 4631, V.T.C.S. had not been complied with.

\*   \*   \*   \*   \*   \*

"Twelve

"The pleading and evidence show and the Court finds that plaintiffs' attempted attack falls short in all requisites of a Bill of Review, in equity, except

that it was brought in the Court that rendered the original judgment. * * *

"B. (1) No diligence was alleged and no evidence offered in connection therewith on the part of the original defendant, even though the evidence showed her to have lived over twenty-one years after the divorce judgment was rendered.

"(2) Plaintiffs did not even allege that such defendant did not know about the judgment at time it was rendered, or was not cognizant of all facts in connection therewith.

"(3) Plaintiff, by pleadings and evidence, attempted to excuse herself for not filing suit before she did, but same are not sufficient to show diligence on her part, nor does she show where her interest comes from, if she has any, nor does she attempt to excuse her predecessor in such interest, if any, for failure to use diligence.

"C. Plaintiff does not allege or attempt to prove such fraud as would entitle her to set aside a judgment under an Equitable Bill of Review, but the pleadings and evidence in connection therewith only deal with intrinsic matters, which were necessarily passed upon by the Court and not with extrinsic Fraud."

■ In order for a judgment to be subject to collateral attack, it must be absolutely void, and not merely voidable. See Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833.

■ In order for a judgment to be a void judgment it must have been entered by a court without jurisdiction of the parties or of the subject matter. On the other hand, if the court had jurisdiction of the parties and the subject matter, the judgment is not void, even though it may be an erroneous judgment. Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833; Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Martin

v. Sheppard, 145 Tex. 639, 201 S.W.2d 810; Heard v. State, 146 Tex. 139, 204 S.W.2d 344.

■ It is well settled law in this State that the requirements as to residence of a plaintiff in a divorce action as set forth in Article 4631, V.A.C.S., are not jurisdictional. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833, 834. In Ex parte Tyler, supra, it is stated:

"This court has declared the law to be that the requirements as to residence of a plaintiff in a divorce action as set forth in Art. 4631, V.A.C.S., are not jurisdictional, but merely prescribe the qualifications which a plaintiff must possess before plaintiff is entitled to procure a divorce. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198.

"In the case of Mitchell v. Mitchell, Tex.Civ.App., 199 S.W.2d 699, 700, no writ history, a divorce had been granted Jewell Mitchell dissolving her marriage with Ervin Mitchell, and defendant Ervin had been directed to pay $40 per month for care and support of an infant daughter whose custody was given to Jewell, the mother. Thereafter, Ervin failed to make the payments and he was cited to show cause why he should not be held in contempt for failure to comply with the divorce decree. He answered that the divorce judgment and order for support were void, because plaintiff was not an inhabitant of the state, or resident of the county of suit as required by Art. 4631 at the time she filed her suit, and at the time she procured the judgment of divorce and child support. Upon a hearing the trial court set aside the divorce judgment and refused to adjudge Ervin guilty of contempt. In reversing the case and directing the trial court to proceed with a hearing on the order to show cause, the Amarillo Court said: '(1, 2) The provisions of Art. 4631 of Vernon's

Texas Civil Statutes with reference to the residence of the plaintiff in a divorce suit are not jurisdictional. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313 (126 S.W.2d 626); Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 79, 89 A.L.R. 1198. A divorce judgment based upon false or perjured testimony as to the plaintiff's residence is not void, the fact of residence having been necessarily passed upon by the court in decreeing the divorce. Moor v. Moor, Tex.Civ.App., 63 S.W. 347, 349, writ of error refused. It follows that the judgment of divorce entered in this case was, at most, voidable, the District Court having had jurisdiction of the parties and of the subject matter.' "

■ The 1936 divorce judgment in question contains a recitation of due service of process, is a valid judgment on its face and is not subject to collateral attack. See Dunklin v. Land, Tex.Civ.App., 297 S.W.2d 360, 362, and authorities therein cited, wherein it is stated:

"Appellees urge that the original judgment is absolutely void. They contend that although the judgment recites due service of process upon them that an examination of the citation which is among the papers in the original case shows that they were cited to appear before a non-existent court and that service on them of such a citation is void and will not support a judgment. Under these facts we cannot agree with appellees' contention that the record shows a void judgment which may be set aside on collateral attack.

"The trial court in the original case had jurisdiction over the subject matter involved. The basis of appellees' attack on the judgment is a lack of jurisdiction over them personally. The judgment complained of recites due service of process on appellees. A recitation of due service of process in

a judgment under collateral attack imports absolute verity and cannot be questioned. Treadway v. Eastburn, 57 Tex. 209; Switzer v. Smith, Tex.Com. App., 300 S.W. 31, 68 A.L.R. 377; Cook v. Cook, Tex.Civ.App., 233 S.W.2d 163 (Writ Ref.); Kimbrough v. Neill, Tex.Civ.App., 256 S.W.2d 202 (Ref., N. R. E.); Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092 (Writ Ref.). The original judgment was therefore not void and was not subject to collateral attack. In the last cited case it is stated:

" 'Since the district court had potential jurisdiction to render the judgment, and since that judgment recites service on Reynolds and otherwise appears regular on its face, we are inclined to the view that the judgment is at most voidable. The recital of service amounts to a passport for the judgment until it is arrested by some appropriate direct proceeding. As also said in the opinion of Southern Surety Co. v. Texas Oil Clearing House [Tex. Com.App., 281 S.W. 1045]: "There has been much laxity in the opinions with respect to the use of the terms 'void' and 'voidable' as applied to judgments. Strictly speaking a void judgment is one which has no legal force or effect whatever. It is an absolute nullity and such invalidity may be asserted by any person whose rights are affected, at any time and at any place. It need not be attacked directly, but may be attacked collaterally whenever and wherever it is interposed. Usually it carries the evidence of its invalidity upon its face, while a voidable judgment is one apparently valid, but in truth wanting in some material respect; in other words, one that is erroneous. Such vice may be the want of jurisdiction over the person or other similar fundamental deficiency, but which vice does not affirmatively appear upon the face of the judgment." ' "

The trial court correctly held that the 1936 divorce judgment in question was valid on its face, that same was not void and that same was not subject to collateral attack.

We think the trial court also correctly held that the requirements of a direct attack upon the 1936 divorce judgment were not met by the plaintiffs by either pleading or proof and that plaintiffs did not show themselves entitled to prevail in a direct attack upon the original judgment. In this connection see Dunklin v. Land, supra, 297 S.W.2d 360, and authorities therein cited.

The trial court in its conclusion of law No. 3 concluded as follows:

"Three

"Since the judgment is at best only voidable, even if this suit constituted a valid Bill of Review (direct attack)

"A. This suit would be barred by the four year statute of limitation, pleaded by defendant Autrice Coy Copeland because more than 4 years have elapsed since said judgment was rendered and plaintiffs have failed to allege or prove some equitable reason as to why limitation would not apply.

"B. Even if plaintiffs had alleged or proved some equitable reason as to why limitation would not apply, since the undisputed evidence showed that Amanda C. Copeland knew of the judgment of divorce in the latter part of 1938, limitation would bar all questions of void or defective service of process, four years after such knowledge was acquired.

"C. The fraud attempted to be alleged by plaintiffs, dealt with intrinsic matters and did not constitute extrinsic fraud which is necessary to support a valid bill of review.

"D. When based upon fraud, the suit is barred four years from the dis-covery of the fraud, or from the time the fraud might have been discovered by the exercise of reasonable diligence.

"Likewise, where the judgment affirmatively shows service, a suit to vacate for want of process must be brought within four years from the time, rendition of the judgment was discovered, or by the exercise of reasonable diligence might have been discovered. The burden of proof is upon plaintiffs to not only allege, but prove such facts as would prevent limitation from beginning to run from the date of the judgment."

We agree with the trial court that plaintiffs' suit did not constitute a valid direct attack upon the 1936 divorce judgment in question but that same was a collateral attack and must fail for that reason. We further agree with the trial court that if plaintiffs' attack could be held to be a direct attack then in such event under the facts in this case same would be barred by the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5529, as well as by the equitable doctrine of laches. In this connection see the following authorities: 25 Tex.Jur. 643; Litton v. Waters, Tex.Civ. App., 161 S.W.2d 1095, wr. ref.; Smith v. Lightfoot, Tex.Civ.App., 143 S.W.2d 151; Heitmann v. Buenger, Tex.Civ.App., 207 S. W.2d 163, wr. ref. n. r. e.; Smith v. Southern Pine Lumber Co., Tex.Civ.App., 256 S.W.2d 893.

In view of our holdings above we deem it unnecessary to write further upon the other grounds found by the trial court in support of its judgment.

Appellants contend to the effect that the trial court committed "reversible error in rendering the new judgment herein on June 20, 1958, to correct the original judgment without an application being made therefor and without any notice to the appellants or their attorney that such judgment would be presented to the court."

The trial court in his finding of fact 16 found as follows:

"The Court finds that when the question of correcting the judgment entered on May 16, was raised, plaintiffs stated that they were not given notice, and the Court set the hearing for one week later in order to give plaintiffs more time, but plaintiffs through their attorney stated that they did not need any more time, and that they had rather it be heard and get it over with."

The trial court in his conclusion of law No. 5 concluded as follows:

"Five

"Conclusions of Law in Connection With Plaintiffs Motions for New Trial.

"A. That as a matter of law, plaintiffs were not entitled to any additional notice, as provided by Rules 316 and 317, before the Court entered the judgment of correction on June 20, 1958, because they are the ones that called the courts' attention to such defects, if any, in their original and amended motions for new trial.

"B. Plaintiffs were not entitled to additional notice under rules 316 and 317, before the Court entered the judgment of correction on June 20, 1958, because they waived such rights, by their failure to ask for additional time, and because of their failure to object to such action of the Court.

"C. If plaintiffs were entitled to additional notice under rules 316 and 317, before the Court entered the judgment of correction on June 20, 1958, they are estopped to urge such right because of their actions in agreeing that the court could correct said judgment on June 20, after the Court had set the following Friday as the date upon which said judgment would be corrected."

We hold that the trial court did not err in entering the amended judgment of June 20, 1958, in question. See the recent case of Payton v. Hurst Eye, Ear, Nose & Throat Hospital & Clinic, Tex.Civ.App., 318 S.W.2d 726, wr. ref. n. r. e., and authorities therein cited.

Each and all of appellants' points have been carefully considered, none of them are deemed as presenting reversible error under this record, and same are respectfully overruled.

The judgment of the trial court is affirmed.