**H.R. FENDER, Appellant,**

v.

**Rita MOSS, Appellee.**

**No. 05–84–00932–CV.**

Court of Appeals of Texas, Dallas.

June 26, 1985.

Rehearing Denied Sept. 4, 1985.

C. Sidney McClain, Dallas, for appellant.

John Wright, Grand Prairie, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

AKIN, Justice.

Appellee, Rita Moss, sought by bill of review to have set aside and held to be null and void the judgment in a delinquent ad valorem tax suit; the order of sale in the tax suit under which the property in question was sold to appellant, H.R. Fender; and the sheriff's deed to Fender. Additionally, Moss sought to have title quieted into her name and to have all clouds removed from her title. Following a jury trial,[1] the trial court rendered judgment for Moss.

Fender appeals, contending that the trial court erred in rendering judgment for Moss because there was no evidence that Moss was not guilty of a lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming the property in question. We agree and hold that as a matter of law Moss failed to prove she was not guilty of a lack of diligence. By cross-point Moss contends that the trial court's judgment should be affirmed because the judgment in the tax suit was void in that the defendant therein was not properly served with process. We disagree with this contention. Consequently, we hold that Moss' collateral attack on the tax suit judgment must fail because the face of the judgment recites proper service and this recital is conclusive as to issues of jurisdiction of the person. Accordingly, we reverse the judgment of the trial court and render judgment for Fender.

The following chronology details events relevant to the instant action:

September 11, 1967—Deed from J.T. Simpson and Pansy McCoy to Rush Properties, Inc. of the real property in this cause.

September 5, 1975—Deed from Kenneth Paul Martin and Charles Fannin Rushing, Co-independent Executors of Charles Fannin Rushing to J.T. Simpson and Pansy McCoy.

September 10, 1975—State files Cause No. 75–9084–C to recover delinquent taxes suing Rush Properties, Inc. as defendant.

December 30, 1975—Deed from J.T. Simpson and Pansy McCoy to Monte Julius.

August 26, 1976—Judgment by Default against Rush Properties, Inc. in the tax suit.

March 31, 1978—Deed from Monte Julius to Moss.

November 8, 1978—Sheriff's sale to Fender.

November 21, 1980—Moss first learns of tax suit when writ of possession served on Moss and Moss evicted.

November 27, 1980—Moss files her Bill of Review.

We note that the March 31, 1978, conveyance from Julius to Moss contained this language: "Grantee shall assume the responsibility for payment of delinquent taxes, taxes for the current year and any debts or outstanding liens which are not set out herein."

■■■ Fender contends on appeal that there was no evidence supporting the jury's finding that Moss was not guilty of a lack of diligence in preventing the execution of the order of sale and in redeeming the

---

1. This was the second trial of this cause. Moss had been granted a summary judgment in the first trial. Fender appealed to this court and we reversed and remanded the cause to the trial court because Moss had failed to allege and prove by summary judgment evidence that she was neither negligent nor guilty of a lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming property in question. *Fender v. Moss*, 629 S.W.2d 192 (Tex.App.—Dallas), *writ ref'd n.r.e. per curiam*, 637 S.W.2d 922 (Tex.1982).

property in question. Essential in a bill of review proceeding is the allegation *and proof* by the plaintiff that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside. *American Spiritualist Association of Dallas v. City of Dallas,* 366 S.W.2d 97 (Tex.Civ.App.—Dallas 1963, no writ). *See also Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). Our review of the record reveals no evidence that Moss was not guilty of a lack of diligence. Rather, the evidence conclusively establishes that, despite the language in her deed from Julius putting Moss on notice that she was liable for any delinquent taxes, Moss failed to even make inquiry as to what taxes, if any, were due on the property. We hold, therefore, that as a matter of law Moss failed to prove that she was not guilty of a lack of diligence in preventing the execution of the order of sale and in redeeming the property.

We cannot agree with the dissent that Moss' testimony that her business experience was limited and that her grantor represented that there were no past due taxes created a disputed fact issue. The recitations in Moss' conveyance from her grantor put her on notice as to her liability for any delinquent taxes and the evidence adduced at trial conclusively showed that Moss failed to even inquire into this matter. Under these facts there can be no disputed fact issue as to Moss' lack of diligence. To hold as the dissent and the appellee would have us do, would do violence to the well-established concept of constructive notice in the area of real estate conveyances, a concept upon which much of our real estate law is predicated. The dissent would, in effect, permit a purchaser to simply ignore deed recitals concerning delinquent taxes in the hope that he can later persuade a sympathetic jury that he was subjectively "diligent" to a degree commensurate with his own personal business experience. Such a situation would be untenable.

■ Moss contends by cross-point that the judgment in the tax suit was void. She bases this contention on the fact that the return of citation shows that Rush Properties, Inc., the defendant in the tax suit, was served by serving "Kenneth J. Martin, *Administrator.*" Moss correctly argues that TEX.BUS.CORP.ACT ANN. art. 2.11 (Vernon 1980) provides that service on a corporation may be obtained by serving the president, vice presidents, or registered agent of the corporation. No provision is made whereby service on a corporation may be obtained by serving an "administrator." Additionally, Moss notes that the return was not signed. Despite these apparent defects of service of process upon Rush Properties, Inc., we are constrained to overrule Moss' cross-point.

■ A bill of review, when properly brought, is a direct attack on a judgment. *Dunklin v. Land,* 297 S.W.2d 360 (Tex.Civ. App.—Eastland 1956, no writ). But because we have held that Moss failed to prove an essential element of a bill of review—namely, that she was not lacking in diligence—the attack on the judgment becomes a collateral rather than a direct attack. *Dunklin,* 297 S.W.2d at 362. In a *direct* attack on a default judgment, no presumptions are indulged in support of the judgment's validity. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965). In a *collateral* attack, however, the rule is that a clear and definite recital in the judgment on jurisdictional matters is conclusive of the issues of jurisdiction, imports absolute verity, and no evidence of any kind, *not even the remainder of the record,* will be considered in contradiction thereof, even if such evidence would show that jurisdiction was not, in fact, acquired. *Treadway v. Eastburn,* 57 Tex. 209 (1881); *Fuhrer v. Rinyu,* 647 S.W.2d 315 (Tex.App.—Corpus Christi 1982, no writ). The judgment in the tax suit clearly recites that Rush Properties, Inc., was properly served. This recital is conclusive. Accordingly, we overrule Moss' cross-point.

The judgment of the trial court is reversed and judgment is rendered for Fender.

HOWELL, J., dissents.

HOWELL, Justice, dissenting.

I dissent. What can be more firmly established than the rule that negligence is a fact issue subject to the constitutional right of trial by jury? A jury by its verdict has found that Private Purchaser Moss was not guilty of a lack of diligence (not negligent) in failing to redeem within the statutory two year period. Most certainly, there was considerable evidence from which the jury, in its wisdom, could have found to the contrary, but that does not by any means establish "as a matter of law," as the majority has declared, that she failed to prove herself not guilty of lack of diligence.

At the most, this court could only declare the evidence insufficient and remand for a new trial, because there was some evidence to support Private Purchaser's claim. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). She testified that her grantor represented that there were no past due taxes and further testified that her business experience was limited. This testimony created a disputed fact issue.

Although the specific jury finding was that Private Purchaser was not guilty of a lack of diligence, the only difference between the issue submitted and a classic negligence issue is in form rather than substance—in other words, the distinction is but verbiage. Perhaps the majority feels

that juries are apt to be unduly swayed by sympathy for those who lose their property at tax sales. Any such argument reduces to nothing beyond a general attack on our entire system of trial by jury. Are juries not just as apt to be unduly swayed by sympathy for persons with grievous personal injuries? Most certainly, the fact that a jury may have been sympathetic for a personal injury claimant is no grounds to declare the non-existence of negligence "as a matter of law." [1]

However, the writer is not to be construed as urging that the case should be remanded for new trial. The case should be affirmed on strength of *Shaffer v. Schaleben*, 236 S.W.2d 234 (Tex.Civ.App.—Waco 1951, writ ref'd n.r.e.). That court affirmed a judgment granting relief from a tax foreclosure declaring "we have carefully reviewed all of the evidence tendered and our view is that it is sufficient to sustain the trial court's implied finding that ... [the private purchasers] were not guilty of laches in bringing a direct attack on the original judgment." 236 S.W.2d at 238. As before, it is suggested that the distinction between lack of diligence and laches is gossamer.

If anything, *Shaffer* presented a stronger case for those tax purchasers than the case presented by Tax Purchaser Fender.[2]

---

**1.** In addition, the purchaser at judicial sales is in a superior position to the defendant in a personal injury action because it has been consistently held from earliest times that no judicial sale may be attacked without a complete tender back to the judicial sale purchaser of that which he has bid and paid, *DeGuerra v. DeGonzalez*, 232 S.W. 896, 901 (Tex.Civ.App.—San Antonio 1921, no writ); *Dunlap v. Wright*, 11 Tex. 597 (1854).

While judicial sale bidders fulfill an essential function, it is nevertheless well established that property rarely brings full value at judicial sales. The principal inducement for buyers to undergo the uncertainties of judicial sales is the opportunity to buy at sacrifice prices. Considering that the judicial purchaser has little to lose but his bargain, any concern for his plight is misplaced.

**2.** The basis for attacks on the judgments in *Shaffer* and in the case at bar are similar. Private Purchaser Moss here contends that her grantor was not properly served with citation

whereas the private purchasers in *Shaffer* contended that while they were impleaded in the tax suit, they were never served at all. In both cases, the judgments recite proper service. Our majority opinion holds that the recital is conclusive because this action has become a collateral attack rather than a direct attack in that Private Purchase has not, in the majority's view, shown the requisite diligence. Contrariwise, this court should hold that the case in hand is a direct attack and that the defect in service can be shown because the jury, on adequate evidence has found the requisite diligence.

*Shaffer* precedes *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1963) (save in extraordinary situations, bill of review is the exclusive means to attack the validity of final judgments) and its progeny. For such reason, the approach by the *Shaffer* court may differ from later cases, but the methodology is parallel. The *Shaffer* court recognized that laches would bar relief, whereas *McEwen* requires a showing of diligence. Finding that the private purchaser was

That private purchaser was an attorney, presumably familiar with tax foreclosure law and its two year redemption period. As here, there was no dispute of the fact that the taxes were actually due and owing. In *Shaffer*, suit had already been commenced when the private purchaser acquired an interest in the property, and the private purchaser admitted foreknowledge of the pendency of the tax suit. He also was aware of an amendment naming him as a party, although the trial court found that no citation was ever served on him. Presently, Private Purchaser's lack of knowledge of any proceedings until shortly before she brought this suit is undisputed. In *Shaffer*, the tax suit went to judgment on October 12, 1942. The private purchaser alleged that he had entered war service during September 1942, was out of the country when judgment was entered, and was not aware of the entry of judgment until June 1944. From our majority opinion, it could strongly be argued that, having knowledge of the pendency of the suit, he should have anticipated judgment and ensuing sale "as a matter of law," but the *Shaffer* court held otherwise. Further, the *Shaffer* property was not sold by the sheriff until April 4, 1943, meaning that the private purchaser actually knew of the judgment well within the two year redemption period. In the face of all these facts, the *Shaffer* private purchaser was acquitted of negligence by the trial court although he waited until July 1946 to institute proceedings to set aside the tax sale. His judgment on appeal was affirmed and a like remedy should be applied here.

I dissent from the reversal and rendition of this case. It should be affirmed.

not barred by laches (had exercised diligence), the *Shaffer* court found the case before it to be a direct attack and allowed proof that the recitals of service in the judgment were in error. 236

S.W.2d at 237. Hence, relief was granted from the prior judgment on a showing of want of service. The same reasoning should apply here.