**John Joseph MAGAN, Appellant,**

v.

**HUGHES TELEVISION NETWORK, INC., Appellee.**

**No. 04–86–00385–CV.**

Court of Appeals of Texas, San Antonio.

March 11, 1987.

David R. Weiner, San Antonio, for appellant.

Arch G. Adams, San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

BUTTS, Justice.

John Joseph Magan sought by bill of review to set aside the default judgment against him. Following a bench trial, the court denied the bill of review. We affirm.

Hughes Television Network, Inc. obtained a default judgment against Magan on August 24, 1979. The suit was based upon a sworn account. Magan filed this bill of review July 15, 1985, claiming he first learned of the default judgment in 1984. It was his contention that the four year statute of limitation did not begin to run until 1984 and that his bill of review suit was not precluded by limitation.

■ To be entitled to a new trial on an equitable bill of review the petitioner must allege and prove that (1) he has a meritorious defense to the cause of action supporting the judgment, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence of his own. *Hanks v. Rosser*, 378 S.W.2d 31, 34–5 (Tex.1964), *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

■ A bill of review, when properly brought, is a direct attack on a judgment. *See, generally, McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 709 (1961), *Fender v. Moss*, 696 S.W.2d 410, 412 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Essential in a bill of review proceeding is the allegation and proof by the petitioner that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside. *Id.* at 412. The burden of proof is on the petitioner. *See, Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979).

■ In this case Magan alleged and offered evidence that he had not received notice of the suit filed against him. Hughes obtained court-ordered substituted service under TEX.R.CIV.P. 106, in effect in 1979, based on a deputy sheriff's affidavit. It was shown that Magan's children lived at the address where substituted service of process was effected. There was conflicting evidence whether he also was at the address, but it was shown that other communications reached him by delivery at the same place. There was also contradictory evidence regarding when he learned of the default judgment against him.

We first hold the method of service of citation complied with the rule governing substituted service in 1979. Although the affidavit of the sheriff was sketchy as to details, it met the criteria at that time. *See, Smith v. Texas Discount Company*, 408 S.W.2d 804, 806–7 (Tex.Civ.App.—Austin 1966, no writ). Therefore, we conclude that Magan was properly served with process.

■ In a direct attack upon a default judgment no presumption in favor of valid issuance, service, and return of service exists. *See, McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965). But this case, even if the bill of review would lie, a direct attack to show lack of service would be to no avail, because, under the statute then in effect, effective service of process was had. Thus, that claim must fail. It follows that the claim of due diligence must also fail.

■ In this case there is a statement of facts, and there are no findings of fact and

conclusions of law. The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962). *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

 In determining whether there is any evidence to support the trial court's judgment, the reviewing court must consider only that evidence most favorable to the trial court's implied findings and disregard entirely that evidence which is opposed or contradictory in nature. *Renfro Drug Co. v. Lewis, supra* 235 S.W.2d at 613. Here the trial court, as the fact finder, was the judge of the credibility of the witnesses and the weight to be given their testimony. *See, McDaniel v. Carruth*, 637 S.W.2d 498, 504 (Tex.App.—Corpus Christi 1982, no writ).

Apart from our holding as to service of process, it was shown that Magan indicated before trial he could not prove his meritorious defense (that he did not owe the debt on the account) since there were no longer any witnesses available. He had earlier made the written statement that he had "accepted" the default judgment, but offered an explanation at trial regarding what he meant by "accepted." The trial court impliedly found that Magan had knowledge of the default judgment before 1984. Our second holding is that, independent of the holding as to service of process, Magan failed to prove an essential element of his bill of review: that he was not lacking in due diligence. As the result of the failure of the bill of review as the vehicle to attack the judgment, this then becomes a collateral, and not a direct, attack on the default judgment. *Fender v. Moss, supra* at 412. Accordingly, the recitation of due service in the default judgment cannot be impeached by evidence not appearing on the face of the judgment. *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967).

The trial court correctly denied the bill of review. In so holding, we overrule Hughes' cross-point that the trial court should have *dismissed* the case rather than *deny* the bill of review. Hughes relies

upon *Baker v. Goldsmith, supra* at 409: If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case. Inasmuch as the present trial court did not make specific findings, nor terminate the proceedings, and instead conducted a lengthy trial, we believe the denial of relief was the proper ruling.

The judgment is affirmed.