

# MEMORANDUM OPINION

No. 04-08-00536-CV

**NIZARI PROGRESSIVE FEDERAL CREDIT UNION**,
Appellant

v.

**JP MORGAN CHASE BANK**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 333702
Honorable H. Paul Canales, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: February 4, 2009

REVERSED AND REMANDED

This is a restricted appeal from a no-answer default judgment against Nizari Progressive Federal Credit Union in a writ of garnishment action. In its sole issue on appeal, Nizari contends the default judgment should be overturned due to improper service of process. We reverse the judgment of the trial court and remand the case for further proceedings.

## BACKGROUND

On October 3, 2007, JP Morgan Chase Bank obtained a judgment against Kuski, Inc., Nadir Hussain, and Fatima Hussain. On November 7, 2007, JP Morgan Chase Bank filed an application for writ of garnishment against Nizari Progressive Federal Credit Union, as garnishee. The following day, a writ of garnishment was issued stating that Nizari could be served by serving Nizari's president, vice president, or head cashier. On December 11, 2007, the writ of garnishment was served on Nefise Jenmohd, an office administrator, who told the process server that she was the only employee who worked at the Austin office. The citation and officer's return were filed with the Bexar County Civil Clerk's office on January 11, 2008. Nizari did not answer the garnishment lawsuit, and on January 24, 2008, the trial court entered a default judgment against Nizari. Nizari filed its notice of restricted appeal on July 24, 2008.

## STANDARD OF REVIEW

A party may bring a restricted appeal if the party: (1) files a notice of the restricted appeal within six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment complained of; (4) did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (5) error is apparent on the face of the record. TEX. R. APP. P. 26.1.

When reviewing a default judgment in a restricted appeal, we may not presume valid issuance, service, or return of citation. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). Instead, the plaintiff who obtained the default judgment bears the burden of proving that each element of service was proper. *Id.* at 153. If the record fails to show strict compliance with the Texas Rules of Civil Procedure relating to issuance, service, and return of

citation, then attempted service of process is invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).

## DISCUSSION

In its sole issue on appeal, Nizari contends that it was not served in strict compliance with the Texas Rules of Civil Procedure. According to Nizari, the writ of garnishment failed to name an individual agent to be served and was served on an office administrator rather than its president, vice president, or head cashier as directed. Nizari also contends that the officer's return failed to identify the place where service was made and failed to show that the office administrator was authorized to accept service.

Because the parties do not dispute the first four elements of the restricted appeal, we will only address whether error appears on the face of the record due to improper service. Here, JP Morgan Chase Bank contends that service upon the office administrator, the only person employed at the Austin branch office, was proper because section 17.028(b) of the Texas Civil Practice and Remedies Code permits financial institutions such as Nizari to be served by serving a branch manager if the institution does not have a designated registered agent.

Assuming section 17.028(b) governs service on Nizari, service on an office administrator does not constitute service on a branch manager. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.028 (Vernon 2008); *see also Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 920-21 (Tex. App.—Corpus Christi 2003) ("[S]ervice of citation on an employee in a local place of business does not constitute adequate service on a foreign corporation."); *H.R. Fender v. Moss*, 696 S.W.2d 410, 412 (Tex. App.—Dallas 1985) (providing that service on an "administrator" does not constitute service on a president, vice president, or registered agent). In this case, the record does not show that the person

served with citation, "Nefise Jenmohd, office administrator," was authorized to receive service; instead, the record reflects that the writ of garnishment was to be served on Nizari's "PRESIDENT, VICE PRESIDENT, OR HEAD CASHIER." Thus, the record in this case does not reflect strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation. *See, e.g.,* TEX. R. CIV. P. 103, 106, and 107. In view of our holding, we need not discuss Nizari's other arguments regarding improper service.

## CONCLUSION

Because service was defective, we reverse the judgment of the trial court and remand for further proceedings.

Marialyn Barnard, Justice