Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whiskey for the purpose of sale in a dry area is the offense; the punishment, a fine of $250.

Appellant was the owner and operator of the Lamar Cafe, in Lubbock. Attached to, and operated in connection with, the cafe was a small dance hall, around the walls of which were "booths," for the use of the patrons. A toilet was attached to the cafe, the use of which was available to the patrons.

Agents of the Texas Liquor Control Board searched the premises mentioned and found in and around the toilet three and one-third pints of whiskey, in pint bottles. In the dance hall, and in one of the booths, were two pints of whiskey. At the time of the search, patrons were in the cafe and dance hall. Of the whiskey found in the toilet, appellant claimed the one-third pint. He denied any knowledge of, or connection with, all the other whiskey so found. At the time the search was begun, appellant was in the front of the cafe, at the cash register, where he remained until the search was completed. There is an absence of any testimony showing that, prior to the search, appellant had been in the toilet or dance hall.

There is affirmative defensive testimony to the effect that at least two of the pint bottles of whiskey found in the toilet and that found in the dance hall belonged to, and had been placed there by, patrons of the cafe.

Under the facts stated, the trial court, though requested, refused to charge upon circumstantial evidence. In this, he was in error. Under the facts stated, the State's case was one of circumstantial evidence. Schenk v. State, 106 Tex.Cr.R. 564, 293 S. W. 1101; McFarlan v. State, 106 Tex.Cr.R. 384, 292 S.W. 885; Young v. State, 114 Tex.Cr.R. 135, 24 S.W.2d 829; Bickerstaff v. State, 139 Tex.Cr.R. 69, 139 S.W.2d 110; Thursby v. State, 143 Tex.Cr.R. 295, 158 S.W.2d 539; Green v. State, 143 Tex. Cr.R. 337, 158 S.W.2d 771; Lollar v. State, 143 Tex.Cr.R. 420, 159 S.W.2d 130.

For the reason assigned, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## DAVIS v. GROGAN MFG. CO.
### No. 6085.

Court of Civil Appeals of Texas. Texarkana.

Dec. 6, 1943.

Rehearing Denied Dec. 16, 1943.

B. F. Whitworth, of Houston, and S. I. Cornett, of Linden, for appellant.

Carney & Carney, of Atlanta, for appellee.

HALL, Justice.

This is an action in trespass to try title brought by appellee, a private corporation, against appellant for title and possession of 45 acres of land, a part of the North J. M. Watson Survey in Cass County. Appellant answered with the usual general denial and plea of not guilty. Trial was to the court without a jury, and at the conclusion of appellee's evidence, appellant having offered none, judgment was rendered for appellee for the land in controversy.

Appellant's first point relates to the introduction of the last will of Miranda W. Covey, deceased, a predecessor in title of appellee. When the will was offered by appellee, appellant objected to its introduction in evidence because no application for its probate was shown. The record reflects that appellant's objection was sustained and the admission of the will in evidence was refused. This point is overruled.

Appellant's second point is: "The error of the court in admitting in evidence over defendant's (appellant's) objection, the record of a purported affidavit of heirship of Miranda W. Covey made by A. Miles, and recorded in the deed records of Cass County, Texas, on November 5, 1919, this instrument not being admissible for the reason that it was not acknowledged or proved for record as provided by R. S. Article 6603, and it not appearing that the provisions of Article 3726 had been complied with so as to render such instrument admissible under said last-mentioned Article."

Appellee holds title directly through the heirs of Miranda W. Covey, deceased, by deed from H. M. Covey, son of Miranda W. Covey, who was the record owner of the entire Miranda W. Covey homestead, a large tract of land containing over 1400 acres. When the affidavit of heirship was offered in evidence by appellee, appellant interposed, and the court overruled, the following objection: "Defendant objects, because it is not such an instrument as entitles it to be recorded in the Deed Records of Cass County, Texas, or any other county in the State of Texas, in that there is no certificate of acknowledgment, as provided by the statute, to entitle an instrument to be put of record in the Deed Records of any county in the State of Texas; and further because it is an ex parte statement, and the defendant has no opportunity to cross-examine the person making the instrument to determine his knowledge, and the facts and the instrument itself sets out nothing to show how he had knowledge of the facts about which he was purported to make affidavit; and further because the instrument is hearsay as to the defendant."

The affidavit of heirship was not acknowledged by the affiant, but it had been actually recorded in the Deed Records of Cass County for more than twenty years at the time it was offered in evidence. Under the provisions of R.S. Article 3726, Vernon's Ann.Civ.St. Art. 3726, the affidavit of heirship having been of record for more than ten years, "whether proved or acknowledged in such manner or not," became admissible in evidence as against the objection made to its introduction in the trial court that it was not subject to be recorded because not proved or acknowl-.

edged. See, also, Vernon's Ann.Civ.St. Art. 3597a, which has direct reference to the introduction of affidavits of heirship. But appellant contends now, as shown by his point 2 and the argument made thereunder, that the provisions of R.S. Art. 3726 with respect to filing the affidavit among the papers at least three days before the commencement of the trial with notice to the opposite party was not complied with, and for that reason it was not admissible in evidence against him. Appellant urged no such objection to the introduction of this instrument in the trial court, so the trial court had no opportunity to pass upon same. Rule 373, Texas Rules of Civil Procedure, provides, among other things, that the aggrieved party make "known to the court the action which he desires the court to take or his objection to the action of the court *and his grounds therefor.*" (Italics ours.) This rule is the same as Federal Rule 46, 28 U.S.C.A. following section 723c, Vernon's Texas Rules of Civil Procedure (Franki) p. 361. In Northwestern Mutual Life Ins. Co. v. Cohn Bros., Inc., 102 F.2d 74, 77, the United States Circuit Court of Appeals for the 9th Circuit, in passing upon Federal Rule 46, said: "The insurance company also contends here that if the agent be one to consider all matters concerning the health and medical history, certain of the representations made orally by the insured to the agent were but a partial disclosure of his physical condition and that the insured failed to mention any complaint of the gall bladder, though the evidence showed that some years before a physician had advised him that a surgical operation on it was advisable. This suggestion, involving also the materiality of the undisclosed information, in support of the motion for an instructed verdict is not before us. It comes as an after thought for, in stating the grounds of the motion to the court below, no mention is made of any false statements or suppressions of fact except such as were contained in answers to the questions put by the medical examiner."

See also Virginia-Carolina Tie & Wood Co. v. Dunbar, 4 Cir., 106 F.2d 383; Kenney v. La Grone, Tex.Civ.App., 62 S.W.2d 600; Rule 372, Texas Rules of Civil Procedure. In our opinion, the trial court should be given the opportunity first to pass upon any grounds of objection to the procedure in that court, except error fundamental in nature, before this court is called upon to review its action in respect thereto. Point 2 is overruled.

By his other points appellant contends that certain deeds admitted in evidence over his objections were inadmissible: (1) Because no title was shown in the grantors; (2) that they "did not describe the land in controversy in this suit"; and (3) that they "did not contain a legally sufficient description of the land to constitute them valid and legal conveyances." It is true that no deed was introduced by appellee which described the tract of land here in controversy singly and alone, but, in our opinion, the evidence of the witnesses, one of whom was the engineer who located, surveyed and plotted the Covey homestead tract of land for appellee, makes it clear that the land involved here is within the description of the larger tract (Covey homestead) conveyed by H. M. Covey to appellee. This, in our opinion, is sufficient to identify the land in controversy described in appellee's original petition. Appellee having shown title to the larger tract which included the tract in controversy was certainly prima facie evidence of title to the small tract and was sufficient, when uncontradicted, to support the judgment. These points are overruled.

The judgment of the trial court is affirmed.