Fate ROLLISON et al., Appellants,

v.

R. L. GEORGE et al., Appellees.

No. 7067.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 16, 1958.

Rehearing Denied Jan. 6, 1959.

J. E. Jackson, Carthage, for appellants.

Turner & Bankhead, Carthage, for appellees.

FANNING, Justice.

Fate Rollison and others (who claim under Richard Rollison) sued R. L. George and others (who claim under D. D. Lawless) to remove cloud from title of a 50-acre tract of land (specifically described by metes and bounds) in Panola County, Texas, and to cancel certain mineral deeds pertaining to said land. Plaintiffs' motion for summary judgment was denied; defendants' motion for summary judgment was granted with defendants being decreed title and possession to ½ of the minerals under the tract. Plaintiffs have appealed.

Richard Rollison acquired a 50-acre tract in 1922 by deed describing the land as follows:

"* * * all that certain tract or parcel of land, situated in . Panola County, Texas, being a part of the Henry Roberts being fifty acres, and described by metes and bounds in the deed records of Panola County, Texas, in Vol R page 110, to which records reference is here made for description; and the said fifty acres if fully described as follows:" (Here follows a metes and bounds description of 50 acres, which metes and bounds description corresponds with the metes and bounds description of the 50 acres sued for by plaintiffs.)

As also hereinafter related, the tract specifically described by metes and bounds in said Vol. R, page 110, contained "400 acres more or less."

Richard Rollison and others in 1926 executed a deed to D. D. Lawless, purporting to convey ½ of the minerals under a tract of land described as follows:

"All that certain tract or parcel of land situated in Panola County, Texas, being a part of the Henry Roberts Survey being fifty (50) acres and described by meters and bounds in the Deed Records of Panola County, Texas in Volume R Page 110 to which records reference is here made for description and the said fifty. (50) acres is fully discribed as follows—(See Records)."

The reference above referred to (Vol. R, p. 110, Deed Records of Panola County, Texas) is a deed from Wiley Hill to George G. Vincent, dated October 20, 1883, and describes by specific metes and bounds a tract of land in the Henry Roberts Survey in Panola County, Texas, called to contain "400 acres of land more or less."

Defendants in connection with their motion for summary judgment also made affidavit to the effect that the 50 acres of land in controversy was within the 400-acre tract of land described in Vol. R, p. 110, Deed Records of Panola County, Texas. Although plaintiffs made various objections to the admissibility of such evidence, they did not deny the truth of such fact.

Appellants present two points on this appeal as follows:

"1. The trial court erred in rendering the summary judgment for appellees because the mineral deed from Richard Rollison, et al. to D. D. Lawless, under which appellees claim, does not describe the tract of land in controversy and the description contained in such deed is fatally defective as a matter of law.

"2. The trial court erred in rendering a summary judgment for appellees based on facts stated in appellees' supplemental pleading to their motion for summary judgment identifying the land in controversy because there was nothing in a mineral deed from Richard Rollison, et al. to D. D. Lawless, which would permit parol evidence to locate the 50 acre tract of land referred to in said deed and such proof is in violation of the statute of frauds and extrinsic evidence is not admissible to prove facts where such facts are not referred to in a description and the defect in the description is patent."

At the outset of this opinion we deem it highly important to particularly note that the description in the 1926 mineral deed from Richard Rollison et al. to D. D. Lawless does not call for the 50 acres "To Be Out Of" the tract referred to in Vol. R, page 110, Deed Records of Panola County, Texas. If it did we would have an entirely different situation and the various authorities cited by appellants would in such event be applicable. Among the cases cited by appellants and the descriptions therein referred to are the following:

Smith v. Sorell, 126 Tex. 353, 87 S.W.2d 703, the description is: "100 acres *out of* Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern."

Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, the description is: "four

(4) acres *out of* East end of a ten-acre block."

White v. Glenn, Tex.Civ.App., 138 S.W.2d 914, wr. dis., the description is: "440 acres of land *out of* Section No. One (1), Block D–23, Abstract No. 838, Public School Land, W. D. Mevels, original grantee."

Higgins v. Bankers' Mortgage Co., Tex.Com.App., 13 S.W.2d 683, the description is: "140 acres *out of* the following 200 acre tract."

Continental Supply Co. v. Missouri, K. & T. Ry. Co., Tex.Civ.App., 250 S. W. 1095; Tex., 269 S.W. 1040, the description is: "120 acres *out of* the W. A. R. survey, Abst. No. 858 and survey No. 84."

Rosen v. Phelps, Tex.Civ.App., 160 S.W. 104, wr. ref., the description is: "4 acres *out of* East end of a 10 acre blk."

Douglass v. Texas-Canadian Oil Corp., 141 Tex. 506, 174 S.W.2d 730, 731, the description is: "37.1 acres of land in Wood County, Texas."

■ We conclude that the description in question in this case is not an attempt to describe "50 acres *out of* a 400-acre (more or less) tract," but rather instead is a reference to a specific metes and bounds description of a 400-acre (more or less) tract which the grantor incorrectly says is 50 acres.

The specific metes and bounds description in question and the general description call for quantity are inconsistent with each other. In 14–B Tex.Jur., Sec. 236, p. 696–697, it is stated:

"A general description may be looked to in aid of a particular description that is defective or doubtful, but will not control or override a particular description about which there can be no doubt. And, if a general and a particular description are obviously in-

tended to refer to the same land, and the two cannot be reconciled, the particular description is preferred to the more general one. * * *"

In 14–B Tex.Jur., Sec. 235, p. 696, it is stated:

"Under the rule that gives a deed a liberal construction in favor of the grantee, he has been given the right, as against the grantor, to select the description most favorable to himself where his deed contains two descriptions of the land, each inconsistent with the other.

"*The most favorable construction doctrine has also been applied to the quantity of land conveyed, and as giving the grantee the largest quantity consistent with any provision of the deed.*" (Emphasis ours.)

In Standefer v. Miller, Tex.Civ.App., 182 S.W. 1149, 1151, it is stated:

"Judge Brown, in Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930, gives some of the rules which must govern in the construction of the deed, as follows:

"'Every part of the deed must be given effect if it can be done; and, when all of the parts are harmonized, the largest estate that its terms will permit of will be conferred upon the grantee. Hancock v. Butler, 21 Tex. [804], 816. If the language cannot be harmonized, from which an ambiguity arises in the deed, so that it is susceptible to two constructions, that interpretation will be adopted which is most favorable to the grantee. Dev. Deeds, § 848. *If there be that in the description of the property conveyed which is false, without which the description would be sufficient to identify the subject-matter of the deed, the false part of the description will be rejected, and effect given to that which remains.* Arambula v. Sullivan, (80 Tex. 615) 16 S.W. 436.'

"(4) In the case of Cullers v. Platt, 81 Tex. 258, on page 264, 16 S.W. 1003, on page 1005, it is said:

"'Where a grantor conveys specifically by metes and bounds, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person, or, as in this case, all of a survey except a tract belonging to another person, cannot control; for there is a specific * * * description, about which there can be no mistake, and no necessity for invoking the aid of the general description. * * * *A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description about which there can be no doubt.* There can be no doubt about what land Purinton conveyed to Collins, whatever he may have intended to convey, and it is entirely unnecessary to look to the general inference that it was all the balance of the Tyson survey, which might be true or not true without affecting the parcels really conveyed. It was supposed at the time that the tracts conveyed did comprise the balance of the survey, but it subsequently developed that the Tyson survey overran in quantity, and the recital was in point of fact not true.' * * *

"Where a deed describes land by metes and bounds, the mention of the quantity conveyed will be treated as a mere matter of description, and will not have controlling effect. * * * *Calls for quantity are generally regarded as descriptive, and will be resorted to in the absence of monuments or course and distances to identify the land.* Welder v. Hunt, 34 Tex. 44, 45. * * * *Where a general description is given which is inconsistent with the particular locative calls which will identify the land, then the rule of construction should be adopted which will*

*be most favorable to the grantee."* (Emphasis ours.)

■ Another well-settled rule of construction in this state is that controlling effect will be given (whenever possible) to that part of a description which will uphold the validity of a deed, rather than to give effect to that part of the description that would void the deed. See the following authorities: 14–B Tex.Jur., Sec. 184, p. 641; Rhoden v. Bergman, Tex.Civ.App., 75 S.W.2d 993, wr. ref.; Easterling v. Simmons, Tex.Civ.App., 293 S.W. 690, wr. ref.; Hunt v. Evans, Tex.Civ.App., 233 S.W. 854, wr. ref.

■ As we view the situation, under the rules of construction above enunciated by our courts, the deed in question from Rollison and others to Lawless must be construed as conveying or attempting to convey ½ of the minerals in and under the tract of land described by metes and bounds in Vol. R, page 110 of the Deed Records of Panola County, Texas, containing 400 acres of land more or less. This deed (which has not been set aside on the grounds of fraud, accident or mistake by reason of the discrepancy of acreage intended to be conveyed or for any other reason) on its face must be construed as conveying or attempting to convey under the specific metes and bounds description of the 400 acres, more or less. The fact that Richard Rollison and others only had title to a 50-acre tract within the 400 acres (more or less) would not defeat appellees' right to recover or be adjudicated title to ½ of the minerals under the 50 acres actually owned by the Rollisons located within the metes and bounds description of the 400-acre (more or less) tract. In other words, if A conveys to B describing by metes and bounds a tract containing 400 acres, when in truth and in fact A only had title to 50 acres within the 400-acre tract, and B can show by proper proof that the 50 acres is within the 400 acres, B will show good title to the 50 acres that A owned within the 400 acres.

■ The truth of appellees' supplemental affidavit on their motion for summary judgment to the effect that the 50-acre tract sued on was within the 400-acre (more or less) tract was not disputed. We think this identifying evidence was admissible under the facts in this case. In Davis v. Grogan Mfg. Co., Tex.Civ.App., 177 S.W. 2d 213, 215, it is stated:

"It is true that no deed was introduced by appellee which describes the tract of land here in controversy, singly and alone, but, in our opinion, the evidence of the witnesses, one of whom was the engineer who located, surveyed and plotted the Covey Homestead tract of land for appellee, makes it clear that the land involved here is within the description of the larger tract (Covey Homestead), conveyed by H. M. Covey to appellee. This in our opinion is sufficient to identify the land in controversy described in appellee's original petition. *Appellee having shown title to the larger tract which included the tract in controversy was certainly prima facie evidence of title to the smaller tract and was sufficient, when uncontradicted, to support the judgment."* (Emphasis ours.)

Appellants' points are respectfully overruled and the judgment of the trial court is affirmed.