**AMERICAN SPIRITUALIST ASS'N,**
a Corporation, Appellant,

v.

**The CITY OF DALLAS, Texas, et al.,**
Appellees.

No. 16148.

Court of Civil Appeals of Texas.
Dallas.

March 15, 1963.

Rehearing Denied April 5, 1963.

98

Harold C. Abramson, Dallas, for appellant.

H. P. Kucera, City Atty., Ted P. MacMaster and Max E. Noller, Assts. City Atty., and Vactor H. Stanford, Dallas, for appellees.

WILLIAMS, Justice.

American Spiritualist Association filed this suit against City of Dallas and Dave Ravkind, the action being in the nature of a Bill of Review seeking to set aside and hold void a default judgment, together with a Sheriff's sale, and a deed issued pursuant thereto, in cause No. 35865/F styled City of Dallas v. American Spiritualist Association, a corporation, which was a tax foreclosure suit. The present action also requests the removal of a cloud from the title to the real property involved. As grounds for the Bill of Review plaintiff alleged that it had not been legally served with citation, due to misnomer of the corporation, and further that there had been a misdescription of the property which would render the judgment and Sheriff's deed void "and/or" voidable. As a part of its Bill of Review application plaintiff said "it has good grounds of defense and has not been negligent and has not lacked diligence in the premises."

James O. Calvin, d/b/a Mid-West Meat Company, intervened in the suit, contending that he was the present owner of the property in controversy by virtue of a Sheriff's deed growing out of a suit against Dave Ravkind, and others.

The District Court, following a non-jury trial, found against the plaintiff on all issues and rendered judgment denying any relief. From that judgment appellant appeals, contending in three points of error that (1) the trial court erred in denying appellant relief for the reason that the entire proceedings in the suit of City of Dallas v. American Spiritualist Association was void as a matter of law, or in the alternative, voidable by the direct attack of appellant; (2) that the intervener is not a proper party to this proceeding; and (3) the trial court erred in not entering judgment removing cloud from title of appellant to the real estate involved. Upon careful consideration of these points we find the same to be lacking in merit and the same are overruled and the judgment of the trial court is affirmed.

At the outset we observe that no request was made for findings of fact and conclusions of law and none were filed by the trial court. Therefore the trial court's judgment implies all necessary fact findings in support thereof. In our review wherein we seek to determine if there is any evidence to support the judgment and the implied findings of fact incident thereto "it is proper to consider only that evidence favorable to the issue and to disregard entirely that which is opposed to it, or contradictory in its nature."

Austin v. Cochran, (Tex.Com.App.) 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Renfro Drug Co. v. Lewis, (Sup.) 149 Tex. 507, 235 S.W. 2d 609, 23 A.L.R.2d 1114.

We must first ascertain the exact nature of the attack made by appellant on the prior judgment. Appellant, in its brief says that this suit is brought as "a direct and/or a collateral attack upon the judgment and proceedings generally in cause No. 35865/F,

in the 116th Judicial District Court of Dallas County, Texas, styled City of Dallas v. American Spiritualist Association." The attack must be either direct or collateral. The rule which we follow in deciding the nature of the attack on the judgment in question was announced by the Supreme Court in Brown v. Clippenger, 113 Tex. 364, 256 S.W. 254, in which the Court held that where a judgment recites facts sustaining the court's jurisdiction rendering the same, it is not subject to collateral attack and an action to set aside a judgment, which is not void on its face was insufficient as a matter of law. In the case of Gehret v. Hetkes, (Tex.Com.App.) 36 S.W.2d 700 in an opinion adopted by the Supreme Court, it was held that a judgment was void only if the record discloses want of jurisdiction by the court which rendered such judgment, otherwise, the judgment is merely voidable and can be attacked only in a direct proceeding. The Court said, in part:

"Whether a judgment of a court of record is void or voidable must be determined from an inspection of the record. If the record discloses that the court rendering such judgment was without jurisdiction, the same is void and open to attack in a collateral proceeding; if it does not, the judgment is merely voidable and can be attacked only in a direct proceeding. Morris v. Halbert, 36 Tex. 19; Maury v. Turner (Tex.Com.App.) 244 S.W. 809; Ringgold v. Graham (Tex.Com.App.) 13 S. W.(2d) 355."

■ We have carefully reviewed the judgment in cause No. 35865/F of the 116th District Court, styled City of Dallas v. American Spiritualist Association and find nothing on the face of that record to show that the court did not have jurisdiction. Such judgment contains all of the plain jurisdictional recitals which must be accorded absolute verity. Accordingly, such judgment is not subject to collateral attack. Wixom v. Bowers, Tex.Civ.App., 152 S.W.2d 896; Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865; Chapman v. Kellogg (Tex.Com.App.) 252 S.W. 151.

Since this must, of necessity, constitute a direct attack upon the judgment previously rendered by the 116th District Court in City of Dallas v. American Spiritualist Association, and since such direct attack is made by a petition in the nature of a Bill of Review, we must now determine the sufficiency of such effort on the part of appellant.

■ A Bill of Review, or a petition in the nature of a Bill of Review, is a proceeding in equity having for its purpose the reversal of a prior judgment of the trial court. 22 Tex.Jur.2d 569, § 28. One of the prime essentials of a proceeding of this nature to have a judgment set aside by Bill of Review is that it must be shown that there existed a meritorious defense to the cause of action; that the complainant was prevented from presenting that defense through extrinsic fraud, accident, or mistake wholly unmixed with any fault or negligence of his own, so that he was compelled to suffer the judgment by circumstances beyond his control; that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside, and that no other remedy is available. 22 Tex.Jur.2d 572, § 30. The Supreme Court in the recent case of McEwen v. Harrison, 345 S.W.2d 706, held that in a Bill of Review proceeding the plaintiff must allege and prove that he was not negligent and that he had a meritorious defense as to the suit, the court saying, in part:

"In a bill of review proceeding the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit. Our decisions require that the two issues be tried together so that the court may render a new final judgment. (Citing cases)."

The Supreme Court in the now familiar case of Alexander v. Hagedorn, 148 Tex.

565, 226 S.W.2d 996 announced the rule, as follows:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ.App., 208 S.W.2d 111, err. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done."

■ We have carefully examined the entire record in this case and find that although appellant did, in its petition allege, in general terms that "it has good grounds of defense and has not been negligent and has not lacked diligence in the premises", yet no proof whatsoever was introduced in support of these allegations. As said by the Supreme Court, it is not only necessary to allege these essential facts but to introduce evidence in support thereof in order to obtain equitable relief in an application for bill of review. During the trial of this case appellant made no effort to introduce evidence concerning any possible defense which it might have had to the original cause of action, nor was any evidence introduced to show lack of negligence or diligence on the part of the appellant, or its attorneys, in preventing the default judgment from being rendered. In the light of these facts, and in view of the well-established principles of law enumerated above, appellant has failed in its direct attack on the judgment and the trial court correctly denied the relief requested.

■ Even though we have held that appellant has failed to meet the essential requirements necessary to allow it to recover in this bill of review proceeding, we have carefully examined the three contentions advanced by appellant and find the same entirely lacking in merit. Appellant's contention that the intervener James O. Calvin, d/b/a Mid-West Meat Company, is not a proper party to this proceeding is overruled. The record reveals that the intervener, Calvin, acquired title to the property in question by a separate foreclosure action and a Sheriff's sale against Ravkind. Since the record reveals that the intervener Calvin now owns all the right, title and interest to the property which is the subject of this litigation, he is not only a proper party but a necessary party to this proceeding. Rule 39(a), Texas Rules of Civil Procedure; Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472; Scott v. Graham, (Sup.) 156 Tex. 97, 292 S.W.2d 324.

■ In its next contention, appellant points to the fact that in cause No. 35865/F the suit was styled City of Dallas v. American *Spiritualist* Association, a corporation, but that the citation was issued to read "City of Dallas v. American *Spiritualistic* Association, a corporation" and therefore the variance in the name of the defendant would be fatal. (Emphasis supplied). Appellant's contention has been decided against it by our Supreme Court in the case of Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840 in which it was held that where a corporation intended to be sued is actually sued and served by wrong corporate name, but fails to appear and plead such misnomer in abatement, same is conclusive upon such corporation to the extent as though it had been named and served by its true name. It is not denied that the correct corporation was

sued and served. In oral argument appellant concedes that the point is untenable.

We come now to a consideration of appellant's chief complaint which is that the real estate in question was not described correctly and therefore the judgment, and subsequent proceedings, are entirely void. The record reveals the following facts concerning the description of the property. Appellant obtained the property in question by deed from L. D. Everett dated June 16, 1955, the property being described therein as follows:

"All that certain lot, tract or parcel of land situated in Dallas County, Texas, and being a part of Lot 2, Block 1/1122, of Fetzer's Addition, an addition to the City of Dallas, Texas, according to the map thereof, recorded in Vol. 71, p. 286, Map Records, Dallas County, Texas, and being more fully described by metes and bounds as follows: (then follows a description by metes and bounds of a piece of land 48 feet by 80 feet)."

Appellee, City of Dallas, filed suit against appellant on May 11, 1958 seeking to recover ad valorem taxes due and owing and foreclosure of its tax lien in Cause No. 35865/F styled City of Dallas v. American Spiritualist Association, a corporation, said property being described in the petition as follows: "Being the Southeast part of Lot 2, 48 feet by 80 feet, Block 1/1122, Colonial and Alley, according to the official Map and Plat Records of Dallas County, Texas."

Citation in Cause No. 35865/F described the property as follows:

"Being the Southeast part of Lot 2, (48' x 80'), Block 1/1122, Colonial and Alley to the City of Dallas, as recorded in the Deed Records of Dallas County, Texas."

Judgment in said cause No. 35865/F was rendered on June 18, 1958 ordering a foreclosure of tax lien by the City of Dallas for ad valorem taxes, said property being described in said judgment as follows:

"Being part of Lot 2, 48' x 80', Block 1/1122, Colonial and Alley, according to the Official Map and Plat Records of the City of Dallas, lying and being situated within the City of Dallas, Texas."

Pursuant to said judgment the Sheriff of Dallas County, Texas conveyed said property by Sheriff's Deed to Dave Ravkind, said deed describing the property as follows:

"Being that certain Lot, Tract or Parcel of land lying and being situated in Dallas County, Texas, and being described as follows to-wit: Being part of Lot 2 (48' x 80') Blk. 1/1122, Colonial and Alley according to the official Map and Plat Records of Dallas County, Texas."

On December 5, 1960 judgment was rendered in favor of intervener, James O. Calvin, d/b/a Mid-West Meat Company, against Phil Miller, d/b/a Phil's Delicatessen, and Dave Ravkind, jointly and individually, an execution was levied against the property involved herein, said property being described in Sheriff's Deed from Bill Decker, Sheriff, to intervener Calvin, as follows:

"All that certain Lot, Tract or Parcel of land lying and being situated in Dallas County, Texas, and being described as follows, to-wit: First Tract: Lot 3, Blk. 1/1122, being 48 feet by 80 feet out of Fetzer's Addition to the City of Dallas and located in the 2700 Blk. of Colonial Avenue, Dallas, Texas."

During the trial appellant introduced into evidence a page from the County Plat Book, Dallas County, Texas, showing Blk. 1/1122 and showing the identical property conveyed by the American Spiritualist Association, a corporation, by a Sheriff's Deed to Dave Ravkind. The property was identified on said Map by Marvin Coker, Deputy Asses-

sor and Collector of taxes for the City of Dallas, Texas. The record also contained Map and Plat records of Blk. 1/1122 to 1/1125 kept by the City Tax Department of the City of Dallas on which Marvin Coker identified the particular tract in question. During the trial Marvin Coker identified the property described in plaintiff's original petition in Cause No. 35865/F both on the City Maps and the County Maps, testifying that said Maps and Plats correspond and were the same for purposes of identification. In comparing the metes and bounds description contained in the original deed from Everett to appellant with the official Maps and Plats of Dallas, Texas and Dallas County the property is easily located by the various calls. The extrinsic testimony of Coker identified the tract which was originally purchased by appellant from Everett to be the exact tract upon which the City of Dallas' tax lien was foreclosed and the same tract described in the Sheriff's deed to Dave Ravkind as well as the tract now owned by intervener Calvin.

Thus it will be observed that although there were discrepancies in the various instruments relating to the identification and description of the property yet, with the aid of the extrinsic evidence given by the witness Coker, a positive identification of the property was accomplished which authorized the trial court to impliedly find that the description of the property was of such certainty as not to render the judgment or the sale void.

■ The answer to the question of sufficiency of description to convey title to real property in this State is found in well-established rules of law. It has been said that the function of the description in a deed is to furnish the means of identification of the land, rather than to identify the land itself. 19 Tex.Jur.2d 424–425, § 124; Blackwell v. Scott, Tex.Civ.App., 223 S.W. 334, err. ref. A deed is not void for uncertainty, unless a description cannot be made to apply to any definite piece of land even with the aid of extrinsic evidence.

Under the maxim that "that is certain which is capable of being made certain", a description that does not fully define the land, but when aided by extrinsic testimony enabled the land in question to be identified with certainty, it is sufficient. 19 Tex.Jur. 2d 427–428, § 125. It is also the rule that controlling effect will be given, whenever possible to that part of the description which will uphold the deed's validity, rather than give effect to that part of the description that would void the deed. Rollison v. George, Tex.Civ.App., 319 S.W.2d 389. The description in a deed will satisfy the requirements of "sufficiency" and furnish the basis for the admission of extrinsic testimony, if the words, when fully explained and understood, shall enable the land to be identified with reasonable certainty. Miller v. Hodges, Tex.Com.App., 260 S.W. 168; Pierson v. Sanger, 93 Tex. 160, 53 S. W. 1012; Catlett v. Starr, 70 Tex. 485, 7 S.W. 844; 14–B Tex.Jur. § 182, p. 637.

See also Slaughter v. City of Dallas, 101 Tex. 315; 107 S.W. 48; City of San Antonio v. Terrill, Tex.Civ.App., 202 S.W. 361, err. ref.; and Grace v. City of Bonham, 26 Tex.Civ.App. 161, 63 S.W. 158, which apply these rules of identification.

■ When we apply the well-established rules to each of the above descriptions contained in the various instruments in question here, we arrive at the conclusion that said property has not been misdescribed to such an extent as to render any of the instruments or proceedings void. From the various descriptions there can be no doubt that the property in question is located in the City of Dallas, Dallas County, Texas, and that it is the Southeast part of Lot 2, 48 feet by 80 feet in Blk. 1/1122, according to the Records of both the City and County of Dallas. Most significant is the fact that the property described in the original deed from Everett to appellant, being described by metes and bounds, is found on the Map and Plat Records of both the City and County of Dallas. The witness Coker, by taking the data and information provided

on the various instruments, found little difficulty in identifying the property as being the same on both the City and County Map and Plat Records. Thus that was made certain which was capable of being made certain.

Finding, as we do, no merit in any of appellant's points of error, same are overruled and the judgment of the trial court is affirmed.

Affirmed.