J. D. MONK, Jr., Appellant,

v.

A. S. LOCKHEAD, Appellee.

No. 4253.

Court of Civil Appeals of Texas.

Eastland.

Nov. 1, 1968.

Rehearing Denied Nov. 15, 1968.

Anderson, Henley, Shields, Bradford & Pritchard, William A. Pritchard, Dallas, for appellant.

James Anderson, Dallas, for appellee.

GRISSOM, Chief Justice.

J. D. Monk, Jr. sued A. S. Lockhead in trespass to try title to land described in his petition as

"A tract of land being a part of Abstract No. 380, Levi Dixon Survey, situated in Dallas County, Texas, and more particularly described as follows:

Tract 5 of Sam Houston Heights Addition, an Addition to the City of Dallas, Dallas County, Texas."

In a trial to the court, judgment was rendered for the defendant and the plaintiff has appealed. The substance of appel-lant's contentions is that the tax judgment, order of sale and Sheriff's deed to appellee are void for lack of an adequate description, because they fail to furnish a nucleus of a description from which the lot can be identified, and that (2) the evidence from a surveyor and others, who testified to the effect that from such description they could identify the lot in controversy, was inadmissible and, therefore, the judgment should be reversed and rendered for appellant, or reversed with instructions as to the action to be taken if the tax judgment and Sheriff's deed were offered in evidence on another trial.

The plaintiff introduced (1) a deed from W. L. Brooks to T. L. Brooks, dated June 10, 1961, recorded in September, 1961, which described the land as

"Being: Tract Five (5) of Sam Houston Heights, a Subdivision of the Levi Dixon League A–380, according to the map or plat of said subdivision recorded in Vol. 7, Page 303, Map Records of Dallas, County, Texas",

and (2) a deed from T. L. Brooks to the plaintiff, J. D. Monk, Jr., dated March 23, 1962, which described the property as

"Being TRACT FIVE (5) of SAM HOUSTON HEIGHTS, a Subdivision of the Levi Dixon League Abst. 380 according to the Map or plat thereof, recorded in Volume 7, Page 303 of the Map Records, Dallas County, Texas, and being the same property conveyed by W. L. Brooks to T. L. Brooks by deed dated June 19, 1961, recorded in Volume 5626, Page 191 Deed Records, Dallas County, Texas."

Plaintiff also introduced his request for admissions and the defendant's reply that defendant claimed title by virtue of the Sheriff's deed to him, its record, and the other "instruments in Cause Number 46006–G, City of Dallas against W. L. Brooks, which were public records." This was, of course, a reference to the instru-

ments heretofore mentioned in connection with the tax suit and Sheriff's sale.

The defendant introduced in support of his claim of title (a) a tax judgment against W. L. Brooks foreclosing a lien

"—against the following land as described in Plaintiff's Original Petition as

BEING Lot 5, in Block 8004, Bermuda Road, according to the official map and plat records of Dallas County, Texas" and

(b) a certified copy of the order of sale directing the Sheriff to sell property to satisfy said judgment described as

"BEING Lot 5, in Block 8004, Bermuda Road, according to the official map and plat records of Dallas County, Texas."

The property was also described in the order of sale and the citation attached thereto as

"All that certain lot, tract or parcel of land lying and being situated in Dallas County, Texas, and being described as follows, to-wit: Being Lot 5, in Block 8004, Bermuda Road, according to the official map and plat records of Dallas County, Texas."

The Sheriff's deed to A. S. Lockhead was dated March 1, 1960. It was recorded in the County Clerk's office on March 17, 1960, long before execution of Brooks' deed to Monk. It described the judgment and order of sale and described the property thereby conveyed as being situated in Dallas County, Texas, and being "All that certain lot, tract or parcel of land lying and being situated in Dallas County, Texas, and being described as follows, to-wit: Being Lot 5, in Block 8004, Bermuda Road, according to the official map and plat records of Dallas County, Texas."

The defendant also introduced a copy of the "Dallas Plat Books" showing "Block 8004—of the City of Dallas, Dallas County, Texas, as same appears of record on page 280, Part 45, City Blocks—in Map and Plat Records Room of Dallas County, Texas", certified by the County Clerk. Said plat shows Lot 5, Block 8004, and that it adjoins Bermuda Road, which other evidence shows was a road only one block long and that said addition contained only one Lot 5, Block 8004, adjoining Bermuda Road. It also shows that said Lot 5 is a part of Abstract 380, Levi Dixon survey of the Sam Houston Heights Addition to the City of Dallas.

The defendant then introduced a plat of Sam Houston Heights addition to Dallas, which described it as part of the Levi Dixon League A–380, and then by metes and bounds which fit the previous descriptions, shows it adjoins Stuart Drive, as do other map and plats in evidence, and that the owner adopted said plat of said subdivision, designating same as "Sam Houston Heights, an addition to the City of Dallas, Texas", and dedicated the streets and alleys thereof to public use. It was recorded in the County Clerk's office and certified by the County Clerk.

The defendant also introduced a plat from the City of Dallas Plat Books, which in addition to what was shown on the County plat, showed said addition was annexed to the City of Dallas by a certain City Ordinance on December 17, 1956. The annexation Ordinance was certified by the City Secretary, with a map of said addition attached thereto which accords with the descriptions in the other instruments introduced by defendant.

■ The conveyance to Lockhead is not void by reason of uncertainty of description of the land conveyed to him by the Sheriff. It contains a description from which one familiar with the vicinity can identify the land conveyed. We hold that the descriptions complained of by appellant come within the applicable rule and support the court's conclusion that the conveyance was not void on account of insuffi-

ciency of description. 19 Tex.Jur.2d, Sec. 123, p. 422 et seq.; Blackwell v. Scott, Tex.Civ.App., 223 S.W. 334 (WR); American Spiritualist Ass'n. v. City of Dallas, Tex.Civ.App., 366 S.W.2d 97, 102.

 In this trial to the court, if some part of the complained of testimony was inadmissible, we must presume the court did not consider it. There was ample admissible evidence to support the judgment. Reversible error is not shown. The judgment is affirmed.