H. L. FENDER, et al, Appellant,

v.

Rita MOSS, Appellee.

No. 20957.

Court of Appeals of Texas, Dallas.

Feb. 17, 1982.
Rehearing Denied March 17, 1982.

C. Sidney McClain, Dallas, for appellant.

John Wright, Grand Prairie, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

By bill of review appellee (Moss) sought to have set aside and held to be null and void: (a) a judgment in an ad valorem tax suit; (b) the order of sale in that tax suit under which the property in question was sold to appellant (Fender); and (c) the sheriff's deed to Fender. Moss also sought to have title in the property quieted and all clouds removed from her title. The trial court granted Moss a summary judgment: (a) voiding and setting aside the tax suit judgment; (b) making and declaring Moss the owner in fee simple of the property free of any claims of Fender; (c) voiding the sheriff's sale; and (d) awarding Moss writ of possession.

Fender contends that Moss failed to establish by summary judgment proof the absence of negligence on the part of Moss and that Moss had not been guilty of a lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming the property under Tex.Rev.Civ. Stat.Ann. art. 7345b § 12 (Vernon 1960), which was the effective statute at that time. We agree and consequently reverse and remand.

The following chronology of events will identify dates and persons helpful to an understanding of our disposition of the case.

September 11, 1967—Deed from J. T. Simpson and Pansy McCoy to Rush Properties, Inc. of the real property in this cause.

September 5, 1975—Deed from Kenneth Paul Martin and Charles Fannin Rushing, Co-independent Executors of Charles Fannin Rushing to J. T. Simpson and Pansy McCoy.

September 10, 1975—State files Cause No. 75–9084–C to recover delinquent taxes suing Rush Properties, Inc. as defendant.

December 30, 1975—Deed from J. T. Simpson and Pansy McCoy to Monte Julius.

August 26, 1976—Judgment by Default against Rush Properties, Inc. in the tax suit.

March 31, 1978—Deed from Monte Julius to Rita Moss (appellee)

November 8, 1978—Sheriff's sale to Fender.

November 21, 1980—Moss first learns of tax suit when writ of possession served on Moss and Moss evicted.

November 27, 1980—Moss files her Bill of Review.

Typed in the printed form of the March 31, 1978, conveyance of the property from Julius to Moss was the following obligation imposed on Moss. *"Grantee shall assume the responsibility of payment of delinquent taxes,* taxes for the current year and any debts or outstanding liens which are not set out herein." (Emphasis added)

■ This court has previously held that in a bill of review brought by the judgment-defendant in a tax foreclosure suit seeking to set aside and hold void a default judgment, sheriff's sale and deed, and to remove cloud from title to the real property involved it is encumbent upon the judgment-defendant to show, among other facts, a lack of negligence on his part and that he has not been guilty of a lack of diligence in preventing the default judgment from being rendered. *American Spiritualist Association v. City of Dallas,* 366 S.W.2d 97 (Tex.Civ.App.—Dallas 1963, no writ).

■ A bill of review, or a petitition in the nature of a bill of review, is a proceeding in equity for the purpose of setting aside a prior judgment of the trial court. One of the prime essentials of a proceeding of this nature is that it must be shown that there existed a meritorious defense to the cause of action; that the complainant was prevented from presenting that defense through extrinsic fraud, accident, or mistake wholly unmixed with any fault or negligence of his own, so that he was compelled to suffer the judgment by circumstances beyond his control; that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside, and that no other remedy is available. *American Spiritualist Association v. City of Dallas, supra.*

■ Although Moss was not a party defendant to the tax suit, we hold that for purposes of asserting the equitable bill of review she must allege and prove the absence of negligence on her part and that she had not been guilty of a lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming the property under article 7345b § 12. We

reach this conclusion by analogy to our holding in *American Spiritualist Association v. City of Dallas, supra.* If a judgment-defendant must show lack of negligence on his part and that he has not been guilty of a lack of diligence in preventing default judgment from being rendered, then a non-party such as Moss who thereafter seeks to avoid the consequences of that default judgment must allege and prove those same elements in preventing the execution of the order of sale and in redeeming the property under article 7345b § 12.

■ When she received delivery of the deed from Julius, Moss was aware from the provisions in the deed that delinquent taxes were due on the property. Moss was put on inquiry to determine what taxes were delinquent, what suits were pending with respect to such delinquent taxes and to pay the delinquent taxes in time to avoid the loss of the property. Moss was obligated to pay the delinquent taxes both for the benefit of her grantor and for the protection of her interest in the property.

Moss' knowledge of the delinquent taxes was such that would have placed a reasonable person, under the same facts and circumstances, upon immediate inquiry to ascertain all of the information and facts possible as to the delinquent taxes and to any tax foreclosure proceedings which might have been in existence affecting the property.

Moss does not allege in her pleadings, nor does she state in her motion for summary judgment or supporting affidavit, that she made any effort at all to either ascertain and pay the amount of the delinquent taxes or determine the existence of tax suits which might have developed from the delinquent taxes. On the contrary, in all of her pleadings and attempts at proof she asserts her lack of awareness of the tax suit as an excuse for not confronting and solving the problems produced by, and inherent in, the tax suit. Had Moss acted diligently to determine her delinquent tax obligations on the property and her delinquent tax involvement in the tax suit, she would have

had sufficient time and control of the situation under the laws and statutes of the State of Texas to proceed under her legal rights to pay the delinquent taxes and clear the property from tax liens and claims based on the existence of delinquent taxes.

Moss assumed the obligation to pay the delinquent taxes (including those involved in the tax suit) on March 31, 1978. Although judgment had been rendered in the tax suit on August 26, 1976, the property was not sold to Fender under the judgment in the tax suit by the sheriff until November 8, 1978. Moss had two years from the date of the filing of such sheriff's deed to redeem the property under article 7345b § 12. Thus, Moss had a period in excess of two and one-half years from the date of her deed within which to pay the amounts involved and to free the property from the claims of both the taxing authorities and of Fender. (March 31, 1978, to November 8, 1978, plus the two year redemption period of Article 7345b § 12.)

Moss neither pleaded nor attempted to establish by summary judgment proof that she performed any act designed to determine what taxes were delinquent or what the consequences of the existence of such delinquent taxes might be on the property and on her eventual ownership of such property. The nearest that she approaches such an effort is contained in her bill of review and first amended bill of review where she alleged that "she has been diligent in her conduct, has had no knowledge of the action taken in Cause No. 75–9084–C." Such allegation is a mere conclusion.

■ Allegations in pleadings do not constitute summary judgment proof. Even if the quoted allegations were contained in a summary judgment affidavit, such conclusion is not competent evidence to support summary judgment. *Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex.1972).

As pointed out above, Moss agreed with her grantor that she would pay the delinquent taxes on the property as shown by the conveyance to her of March 31, 1978. Moss never paid or tendered those taxes before filing her bill of review, but rather alleged in her bill of review and first amended bill of review that she was "willing to redeem the taxes, redeem the property from the purchaser, pay the amounts due him under the law and perform such other duties as this court may require." The record is silent as to what Moss actually did pursuant to her offer. The judgment does not impose any obligation upon Moss to pay Fender or any taxing authority any sum of money.[1]

■ Charged with notice of the delinquent taxes, Moss was negligent and lacking in diligence in not paying those taxes within a reasonable time. The sheriff's sale to Fender was on November 8, 1978. The period from March 31, 1978, to November 8, 1978, would have been a reasonable time within which to pay those delinquent taxes. Had Moss paid those delinquent taxes within that time, Moss would have been in a position to protect her interest in the property.

■ Moss, however, had additional time within which to pay the delinquent taxes. Her failure to pay those delinquent taxes within the two year period from the date of filing of the sheriff's deed of November 8, 1978, afforded her under article 7345b § 12, would also have been a reasonable time within which to pay those delinquent taxes. The legislature in providing that two year period said as much. Had Moss paid those delinquent taxes and other amounts provided by the statute within that time, Moss would have been in a position to protect her interest in the property.

■ No summary judgment proof whatever was offered to show lack of negligence on the part of Moss and to show that she has not been guilty of a lack of diligence in preventing execution of the order of sale in

---

1. Under the judgment Fender has lost both the property and the money he paid the sheriff under the order of sale in the tax suit.

the tax suit and in redeeming the property under article 7345b § 12. Further, Moss has not been shown to suffer the judgment by circumstances beyond her control. *American Spiritualist Association v. City of Dallas, supra.* In the light of these facts and the well established principles of law discussed above, Moss has failed on motion for summary judgment in her direct attack on the judgment and order of sale in the tax suit and the trial court erred in granting Moss' motion for summary judgment.

This brings us to the point of deciding what disposition should be made of this case on appeal. We have concluded that Moss' pleadings and summary judgment proof establish as a matter of law that Moss has been negligent and guilty of a lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming the property under article 7345b § 12. Fender, however, did not file a motion for summary judgment and the record affords no basis for the rendition of judgment for Fender. Accordingly, the judgment is reversed and the cause is remanded to the trial court. *Hinojosa v. Edgerton*, 447 S.W.2d 670, (Tex.1969) (*on motion for rehearing*).

Reversed and remanded.

GUITTARD, Chief Justice, concurring.

I concur in reversing the summary judgment on the ground that the summary judgment proof failed to negate a fact issue as to whether Moss was negligent or lacking in diligence in failing to have the sheriff's sale set aside. I would not go so far as to hold in this case that such negligence and lack of diligence have been established as a matter of law. That question was not raised by a motion for summary judgment on behalf of Fender and, therefore, is not before us on this appeal. I express no opinion as to whether Fender would have been entitled to summary judgment if he had filed a proper motion. We do not know what evidence will be presented when the case is remanded.