**Order entered July 23, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00389-CV

### IN RE CHARLES ANTHONY ALLEN, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV99-01573-V**

## ORDER

Before the Court is relator's pleading, which he styles a petition for bill of review, in which relator challenges this Court's order dismissing his petition for writ of habeas corpus for want of jurisdiction. A bill of review, or a petition in the nature of a bill of review, is a proceeding in equity for the purpose of setting aside a prior judgment of the trial court. *Fender v. Moss,* 629 S.W.2d 192, 194 (Tex. App.—Dallas), *writ refused n.r.e.*, 637 S.W.2d 922 (Tex. 1982); TEX. R. CIV. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law."). There is no comparable procedure for an out of time attack on the judgment of an appellate court.[1] Because this court's plenary power over the order relator complains of has expired, TEX. R. APP. P. 19.1(a), even if relator's bill of

---

[1] Motions for rehearing in original proceedings must be filed within 15 days after the final order is rendered. TEX. R. APP. P. 52.9. Relator did not file a timely motion for rehearing.

review presented valid reasons for reconsidering its decision, this Court would have no power to set aside its order dismissing realtor's petition for writ of habeas corpus for want of jurisdiction. *See Cadle Co. v. Lobingier,* 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied). We **DISMISS** relator's bill of review.

/s/    CAROLYN WRIGHT
CHIEF JUSTICE